## McGuire et ux. *versus* Borough of Shenandoah.

109　613
140　160

109　613
174　28

109　613
29 SC ¹430

109　613
31 SC　445

109　613
39SC²528

1. Section 14 of Article V. of the Constitution of Pennsylvania, provides " In all cases of summary conviction in this Commonwealth or of judgment in suit for a penalty before a magistrate or court not of record, either party may appeal to such court of record as may be prescribed by law, upon allowance of the appellate court or judge thereof upon cause shown."

*Held*, under this provision of the Constitution, that in the cases

therein mentioned the magistrate or justice of the court not of record has no power to grant an appeal, and therefore cannot be compelled to do so by a mandamus from the appellate court.

2. The Act of April 17th, 1876, (P. L. 29,) was designed to carry into effect the above section of the Constitution, and prescribes the court to which and the manner in which appeals are to be taken in the cases mentioned.

April 21st, 1885.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ.   GREEN, J., absent.

ERROR to the Court of Common Pleas of *Schuylkill county :*   Of July Term 1884, No. 153.

This was in the court below a petition by Catharine McGuire for a rule on William H. Shoemaker, a Justice of the Peace, to show cause why a mandamus should not issue commanding him to grant the petitioner leave to appeal from a judgment entered by said Shoemaker against the petitioner for violation of a borough ordinance.

The petition set out the following facts: The borough of Shenandoah brought suit against Thomas McGuire and Catharine his wife, who were owners of certain tenement houses in that borough, to recover a penalty imposed by borough ordinance 31, for neglecting to keep in proper sanitary condition the said premises.   At the hearing, May 3d, 1884, William H. Shoemaker, the Justice before whom suit was brought, entered judgment against the defendants for $25 penalty, with costs of suit.   The defendants thereupon demanded of the Justice that he take such bail as is required by law, and issue a transcript to them for the purpose of an appeal to the Court of Common Pleas, and offered to the Justice sufficient bail for that purpose.   This the Justice refused to do.

A rule to show cause was granted as prayed for, May 14th, 1884, and afterwards was discharged, June 23d, 1884, PERSHING, P. J. delivering the following opinion : " On April 28th a summons was issued by Justice Shoemaker, in pursuance of which the defendants appeared before him, when a judgment was entered against them for a penalty of $25, on proof that they had violated the provisions of an ordinance of the borough of Shenandoah, relating to the health of said borough. An appeal having been demanded and refused, the defendants on affidavit filed, obtained the rule.   Was the Justice right in refusing the appeal, is the question for us to decide.

Two Acts of Assembly, viz., of April 15th, 1835, Sec. 7, and April 5th, 1849, Sec. 7, (Purd. Dig. 697, pl. 4 and 5), conferred upon the Aldermen and Justices of the Peace of every city, incorporated township, borough or town, the power

to hear and determine all actions of debt for penalty for the breach of any ordinance, by-law or regulation of such city, township, borough or town, in the same manner, and subject to the same right of appeal as debts under one hundred dollars; such actions to be instituted in the corporate name of such city, township or borough.

If this is still the law, the right of the defendants to the appeal they demanded from the Justice, is clear. We think, however, that the Constitution since adopted, has changed the manner in which appeals may be allowed in cases of this kind. The provision, Art. 5, Sec. 14, is as follows: "In all cases of summary conviction in this Commonwealth, or of judgment in suit for a penalty before a magistrate, or court not of record, either party may appeal to such court of record as may be prescribed by law, upon allowance of the appellate court or judge thereof, upon cause shown."

This section, as at first adopted by the convention, provided that: "either party shall have the right to appeal to such court of record as may be prescribed by law," and there stopped: Debates, Vol. 6, p. 338. This was afterwards amended by striking out the words "shall have the right to," and inserting the word "may," and at the end adding the words "upon allowance of the appellate court or Judge thereof on cause shown." In this form it was finally adopted, and became a part of the constitution.

Mr. Buckalew, who introduced the amendment, said he was opposed to the section as it then stood, "because it will empty into the Common Pleas all cases of summary conviction before magistrates throughout the Commonwealth. I take it, it will also apply to all convictions in boroughs before the Chief Burgess, or other principal executive officers, for breach of a borough ordinance,—in other words, all the police business of towns and cities of the state will be taken to a higher court, and this will be an enormous mass of business." (See Debates, Vol. 7, p. 515). It was the very purpose, therefore, of the convention to take away from the parties in cases of summary conviction, or in suits to recover penalties, the right to appeal from the judgment of the magistrate, unless application was made to the proper court, by which an appeal may be granted upon cause shown. The Act of 17th April, 1876, (Purd. Dig. 2001, pl., 5,) is substantially in the language of the Constitution, and directs that where an appeal is allowed it shall be upon such terms as to payment of costs and entering bail as the court, or judge allowing the appeal, may determine. This supplies former enactments, and necessarily throws the question of appeal upon the court to the exclusion of the magistrate.

It requires no further argument to show that the Justice in refusing the defendants an appeal, correctly interpreted the law applicable to this class of cases.

The defendants thereupon took this writ, assigning for error the action of the court in discharging the above rule, and in refusing the allowance of the appeal.

*L. D. Haughawout* (with whom was *M. M. L' Velle*), for the plaintiff in error.—The decision of the court below infringes the petitioner's right to trial by jury : Commonwealth to use *v.* Bennett, 16 S. & R., 243. The Act of April 17th, 1876, (Purd., 2001, pl. 5) is not inconsistent with, and does not repeal the Acts of April 15th, 1835, § 7, (Purd. Dig. 697, pl. 4), and of April 5th, 1849 : (Purd. Dig. 697, pl. 5). The substitution of the words "may appeal" for "shall have the right to appeal" in § 14 of Art. V. of the Constitution of 1874, is not important, for "may" is here equivalent to "shall;" Sedgwick on Construction of Stat. & Const. Law, p. 376.

There was no oral or printed argument or appearance for the defendant in error.

Chief Justice MERCUR delivered the opinion of the court, May 11th, 1885.

Art. V., Sec. 14, of the Constitution of 1874 declares "in all cases of summary conviction in this Commonwealth, or of judgment in suit for a penalty before a magistrate, or court not of record, either party may appeal to such court of record as may be prescribed by law, upon allowance of the appellate court or judge thereof, upon cause shown." Thus it appears, in the cases mentioned, the right to grant an appeal is not in the inferior court which entered the judgment. It is vested in the court of record, or a judge thereof, to which the appeal is to be taken, and cause therefor must be shown to the Superior Court or judge thereof, before the appeal can be allowed.

Sect. 1 of the Act of 17th April, 1876, P. L., 29, designed to give effect to the section of the Constitution cited, provides that appeals in case of summary conviction shall be to the Court of Quarter Sessions of the county in which such magistrate shall reside ; and in a suit for a penalty, to the Court of Common Pleas of the county in which said judgment shall be rendered,—in each case on allowance by the court of record or judge thereof upon such terms as to payment of costs and entering bail as the court or judge allowing the appeal shall direct. Thus the right to grant the appeal in cases like the present, is withheld from the magistrate and given only to the Superior Court. Here the Common Pleas was not asked to allow the appeal on cause shown. The application was to

[Parcell v. Grossor.]

have it compel the inferior court to grant it.  No such power
is vested in the Common Pleas.  The rule to show cause why
a mandamus should not issue commanding the justice to grant
an appeal was properly discharged.

Judgment affirmed.