John Thompson, who sues for himself and for the School District of Buffalo Township, Washington Co., Pa., *v.* John Preston, J. B. Akin, Appellants, and Joseph W. Craig.

*Rules justifying appeals from a magistrate on summary convictions, or suits for penalty.*

An appeal from the judgment of a magistrate for a penalty, or on a summary conviction, should not be allowed, save for cause shown, and to ascertain the cause alleged, reference must be had to the petition presented below, and the appellate court cannot go outside the petition and deal with the case as though it had originated on a certiorari to the magistrate.

Ordinarily an appeal from the magistrate ought not to be permitted, if the party desiring it has had an opportunity fully and fairly to present his case before the magistrate unless a doubtful legal question is involved or there is something to indicate oppression, corruption or disregard of law on the part of the magistrate, or after-discovered evidence, which would justify a new trial under the well-known rules relating to new trials.

Absence of material witnesses is not a sufficient cause for allowance of an appeal, it not being intimated that a continuance was asked for and refused.

*Appeals—Appellate jurisdiction.*

As the omnium gatherum, now entitled an appeal, includes the appellate proceedings, formerly divided into three classes—writs of error, certiorari and appeals—the appellate court is required to examine each case and determine how far, and in what manner, it will take cognizance of it.

*Appeals—Jurisdiction of Supreme and Superior Courts.*

The jurisdiction of the Superior Court is limited to cases of a certain character, which were reviewable in the Supreme Court before the passage of the Act of June 24, 1895, P. L. 212. If the Supreme Court could have acted properly on any case, if brought before it in any of the ways mentioned, then the Superior Court has the same right where such case comes before it generally, on appeal.

*Appeal—Refusal of appeal from a justice of peace.*

The Supreme Court, and hence the Superior Court, has jurisdiction, on certiorari, of the refusal of the court below of an application for the allowance of an appeal from the judgment of a justice of the peace.

Argued April 21, 1897. Appeal, No. 164, April T., 1897, by defendants, from order of C. P. Washington Co., August T., 1896, No. 114, refusing leave to appeal nunc pro tunc from

judgment of magistrate. Before RICE, P. J., WILLARD, WICK-
HAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Rule to strike off an appeal and application for leave to appeal
nunc pro tunc. Before TAYLOR, J.

The following facts appear from the opinion of the court
below :

Hearing on rule to show cause why the appeals taken by the
defendants from the judgments entered for a penalty, by D. M.
Donehoo, Esq., a justice of the peace, should not be stricken off,
as improvidently entered, for the reason that the judgments of
the justice were rendered in suits for a penalty from which an
appeal can only be taken upon an allowance of the court of
common pleas upon cause shown as provided in the Act of
April 17, 1876, P. L. 29, and sec. 14, article 5, of the constitu-
tion, and that no such allowance was granted in the above cases.
And upon petitions filed January 7, 1897, for an allowance
nunc pro tunc in said cases, in case the appeals taken to the
common pleas under the Act of March 22, 1814, 6 Sm. L. 182,
be stricken off by the court.

Suits were brought by the plaintiff above named, John Thomp-
son for himself and the school board of Buffalo township to the
number of three against John Preston, J. B. Akin, and Joseph
W. Craig, the owners and operators of oil wells and leases on
the land of the plaintiff, before D. M. Donehoo, Esq., a justice
of the peace, to recover the penalty in each suit prescribed by
the Act of June 10, 1881, P. L. 110, for violation of said act.

The summonses were issued on April 11, 1896, and the de-
fendants John Preston and J. B. Akin were served in all three
of the cases, the other defendant Joseph W. Craig could not be
found. The hearings were continued from time to time by
agreement until May 5, 1896, at which date the cases were pro-
ceeded in to a hearing by the justice and parties ; plaintiff and
defendants served appeared with their witnessess, and on May 7,
1896, the justice publicly entered judgment against the defend-
ants, John Preston and J. B. Akin for $200, the penalty pro-
vided in said act, and costs in each case. On May 15, 1896,
the defendants appeared with bail and entered same, and took
transcripts of appeal which were filed in the common pleas
July 27, 1896, to the above numbers and term.

The plaintiff moves to strike off these appeals from the records because the appeals were taken under the act of March 22, 1814, and not entered by law " upon allowance of the appellate court or a judge thereof upon cause shown, as provided in the case of appeals on suits for penalties under article 5, sec. 14, of the constitution."

In the applications before us the appellants allege in two of the cases that they have not abandoned the wells; that at some time they intend to drill them deeper, and in the other case, that the well was plugged when the casing was pulled. We must assume that any and every defense the defendants had to these allegations of the plaintiffs in the complaints, were set up at the trial before the justice, and that his findings upon which judgments were entered were based entirely upon a violation of the act as shown by the weight of the evidence.

*Errors assigned* were (1) in making the rule to strike off the appeal absolute. (2) In refusing the application for leave to appeal nunc pro tunc.

*David Sterrett* and *Jno. C . Bane*, for appellant.—Hence in a suit for a penalty, an appeal was allowed nunc pro tunc where such allowance became necessary to prevent palpable injustice when a delay of three years had occurred. Lesh v. Turnpike Co., 3 Lack Jur. 69.

It is clear that the act of 1876 leaves the power of the court of common pleas or judge thereof in allowing an appeal in a suit for a penalty unrestricted by any formal requirements or time limits: Com. v. McCann, 174 Pa. 19.

*H. M. Dougan*, with him *Todd & Wiley*, for appellee.

OPINION BY WICKHAM, J., July 23, 1897:

The defendants are met at the threshold of this court by a motion to quash their appeal. The reason assigned is that the Act of April 17, 1876, P. L. 29 under which the application to the court below was made for the allowance of the appeal from the judgment of the justice of the peace, gives no appeal from the order of the court refusing the application.

This is quite true, and if we were required to look at the case

as here on appeal or writ of error, technically so called, we would be without jurisdiction. But as everything that comes to this court for review is brought up by a general proceeding called an appeal, a sort of omnium gatherum which includes the appellate proceedings, formerly divided into three classes, namely, writs of error, certiorari, and appeals, we are required to examine each case and determine how far, and in what manner, we shall take cognizance of it. Our jurisdiction is limited by section 7 of the Act of June 24, 1895, P. L. 212, to cases of a certain character, which were reviewable in the Supreme Court, before the passage of that act. If the latter tribunal could have properly acted on this case, if brought before it in any one of the three ways mentioned, we have the same right when it comes before us generally on appeal.

It cannot be doubted, that it might have been reviewed in the Supreme Court on certiorari. As was said in appeal of Commissioners of Northampton County, 57 Pa. 452, " The general rule is that where a new jurisdiction is created by statute, and the court or judge exercising it proceeds in a summary method or in a new course, different from the common law, a certiorari lies." We deem it our duty therefore to hear and decide the case as if it had been brought before us by certiorari. The decision in Commonwealth v. Eichenberg, 140 Pa. 158, cited in support of the motion to quash, when properly viewed, tends to sustain our jurisdiction, to the extent already indicated, rather than to deny it.

But an examination of the record satisfies us that we cannot aid the appellants. An appeal from the judgment of a magistrate for a penalty, or in a summary conviction, should not be allowed save for cause shown: McGuire v. Shenandoah, 109 Pa. 613; Commonwealth v. Eichenberg, supra. To ascertain the cause alleged, reference must be had to the petition presented to the court below: Commonwealth v. Menjou, 174 Pa. 25, and we cannot go outside the petition and deal with the case, as though it had originated on a certiorari to the magistrate. Ordinarily an appeal should not be permitted, if the party desiring it has had an opportunity to fully and fairly present his case before the magistrate, unless a doubtful legal question is involved, or there is something to indicate oppression, corruption or disregard of law on the part of the magistrate, or

after-discovered evidence which would justify a new trial, under the well-known rules relating to new trials for that cause. Neither art. V., sec. 14 of the constitution, nor the act of 1876, which was passed to carry it into effect, contemplates that an appeal shall be allowed merely because the party desiring it is dissatisfied with the result of the trial before the magistrate, as is the case with most defeated litigants, and cheers himself with hopes of better success in the next encounter.

In the present case the petition, when analyzed, shows no better reasons than the above, coupled with the allegation that two of the appellants' witnesses were in an adjoining state, at the time of the trial, and that their personal attendance could not be had. It is not intimated that the trial was not in every respect fair and legal, nor is it averred that the justice was asked for a continuance of the cause until the appellants could obtain the presence or the depositions of the absent witnesses. Had they asked for time, wherein to do either, doubtless it would have been granted them; and if refused it is safe to assume that the court of common pleas would have allowed the appeal. They did not choose to ask for indulgence, but deliberately went to trial. We cannot say that the court below was guilty of an abuse of discretion, in refusing the appellants' application.

The order of the court below is affirmed at the costs of the appellants.