## Commonwealth, Appellant, *v.* Yocum.

*Appeals—Summary conviction—Discretion of court—Failure to print petition.*

Neither section 14 of article V, of the constitution of Pennsylvania, nor the Act of April 17, 1876, P. L. 29, gives an appeal as a matter of right, in cases of summary conviction. This can only be had upon allowance by the court, which means upon cause shown; nor is the action of the court below whether granting or refusing the appeal reversible upon appeal to the appellate court, unless the record shows an abuse of discretion. This can only be determined by an inspection of the petition, and if the appellant has failed to print the petition in his paper-book, or bring it up and file it with the record, the appeal will be quashed.

Submitted Oct. 23, 1905. Appeal, No. 38, Oct. T., 1905, by plaintiff, from order of Q. S. Huntingdon Co., Dec. T., 1904, No. 2, allowing an appeal from summary conviction in case of Commonwealth v. A. B. Yocum. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Appeal quashed.

Petition for an allowance of appeal from summary conviction.  Before WOODS, P. J.

Among the matters printed in the appendix of the appellant's paper-book were the following:

"In the court of quarter sessions of Huntingdon county.

"In re petition of A. B. Yocum for leave to take an appeal, etc.

"Now November 15, 1904 the within petition read and considered and it appearing from the petition that injustice has been done the defendant, it is hereby ordered and decreed that an appeal be allowed in the within stated cause to our Court of Quarter Sessions upon the defendant giving bond in the sum of one hundred dollars for the payment of any costs which may accrue in said appeal.  The fine imposed by the Justice to be refunded pending the appeal.

"J. M. WOODS, P. J.

"Certified from the record,
"November 16, 1904,
    "GEO. G. STEEL, Clerk.

"And now, November 16, 1904, A. B. Yocum asks for an appeal from the above judgment.

"A. B. Yocum being duly sworn says that this appeal is not for delay, but because he verily believes that injustice has been done.

"A. B. YOCUM.

"Sworn and subscribed before me November 16, 1904,
    "JAMES KELLY.

"I, J. I. Leibensperger, do bind myself as bail absolute to the Commonwealth of Pennsylvania the plaintiff above named, in the sum of one hundred dollars for the payment of penalty, interest and costs accrued or that may be legally recovered against said appellant A. B. Yocum.

"Approved November 16, 1904,
    "JAMES KELLY, J. P.

"A. B. YOCUM, [Seal]
"J. I. LEIBENSPERGER, [Seal]

"I certify that the above is a correct transcript of the proceedings had before me in the above suit.  Witness my hand and seal the        day of            A. D., 190 ."

"In the Court of Quarter Sessions of Huntingdon county. The Commonwealth v. A. B. Yocum. Summary Conviction, Coram KELLY, J. P.

"Now, January 5, 1905, it appearing from the record of the above entitled case sent up by the justice that the defendant was convicted before him under section 37 of the Act of. May 29, 1901, P. L. 302 and that act being a penal statute and the said section providing no penalty for the possession of prohibited fishing devices, the conviction of the defendant and the imposition of the fine being illegal, defendant by his counsel Thos. F. Bailey moves for his discharge.

"THOS. F. BAILEY,
"Attorney for Defendant.

"Now, January 5, 1905, within motion considered and it appearing as therein stated the defendant is discharged, the costs to be paid by the county of Huntingdon and bill scaled for commonwealth.

"By the Court."

*Errors assigned* were the orders allowing the appeal and overruling motion to quash.

*Samuel I. Spyker* and *Richard W. Williamson*, for appellant.—Appeals from judgment of summary convictions are not allowed as of course, but for cause shown only: Commonwealth v. Blank, 21 Pa. C. C. Rep. 378.

Appeal from a magistrate on summary convictions should not be allowed save for cause shown : Commonwealth v. Hendley, 7 Pa. Superior Ct. 356; Thompson v. Preston, 5 Pa. Superior Ct. 154.

No appearance nor printed brief for appellee.

PER CURIAM, November 20, 1905:

Neither the 14th section of article V. of the Constitution, nor the Act of April 17, 1876, P. L. 29, gives an appeal, as a matter of right, in cases of summary convictions. This can only be had upon allowance by the court, which means upon cause shown: Commonwealth v. Eichenberg, 140 Pa. 158; McGuire v. Shenandoah Boro., 109 Pa. 613. Nor is the action of

the court below, whether granting or refusing the appeal, reversible upon appeal to this court, unless the record shows an abuse of discretion.   To ascertain the cause alleged, reference must be had to the petition : Commonwealth v. Menjou, 174 Pa. 25 ; Thompson v. Preston, 5 Pa. Superior Ct. 154.   In this case the order, as printed in the appellant's paper-book, purports to have been made on November 15, 1904, upon a petition from which it appeared to the court that injustice had been done, but the only paper printed in the paper-book which can by any latitude of construction be regarded as a petition, purports to have been made and sworn to on November 16, 1904.   There is nothing in the record as printed in the paper-book to show with any degree of certainty that this is the petition referred to in the order.   The dates tend to show the contrary.   Possibly the uncertainty in this regard would have been removed by inspection of the record proper ; but we find upon examination that it has not been brought up and filed.   Therefore the appeal must necessarily be quashed.

Appeal quashed at appellant's cost.