## Commonwealth v. Tilton.

*Sunday laws—Sale of gasoline—Summary conviction—Appeal—Jurisdiction, C. P. and Q. S.—Acts of April 22, 1794, and July 11, 1917.*

1. The judgment of a justice of the peace against defendant for selling gasoline on Sunday in violation of the Act of April 22, 1794, 3 Sm. Laws, 177, is a summary conviction, and an appeal from such judgment lies, under the Act of July 11, 1917, P. L. 771, to the Quarter Sessions, and not to the Common Pleas.

2. When a proceeding is begun by information, warrant and arrest, and is carried to conviction before a justice of the peace, it is a case of summary conviction.

3. Notice of the presentation of an appeal from a summary conviction should be given to the district attorney if he is not present.

Appeal from judgment of justice of the peace. 1. Motion to dismiss proceedings or grant a retrial. 2. Motion to quash appeal. C. P. Greene Co., Sept. T., 1920, No. 94.

*O. R. Hughes*, for Commonwealth.

*James J. Purman* and *A. H. Sayers*, for defendant.

RAY, P. J., Aug. 22, 1921.—A complaint under oath was made before a justice of the peace Aug. 16, 1920, charging the defendant with having sold and exposed for sale gasoline on the preceding day, the same being Sunday, to divers persons applying therefor, in violation and contrary to the Act of Assembly of April 22, 1794, 3 Sm. Laws, 177, and particularly to section 1 of the said act, which reads, in part, as follows: "If any person shall do or perform any worldly employment or business whatsoever on the Lord's day, commonly called Sunday (works of necessity and charity only excepted), . . . and be convicted thereof, every such person so offending shall, for every such offence, forfeit and pay four dollars," etc.

On this complaint a warrant was forthwith issued, the defendant arrested and a hearing had Aug. 17, 1920. At the hearing the Commonwealth was represented by the district attorney, and the defendant was present with his counsel. Four witnesses were called and examined on behalf of the Commonwealth, and the defendant called and examined one witness, James Allison, the prosecutor. After the hearing the justice of the peace entered the following judgment: "Therefore, it manifestly appearing to me, upon careful examination of the truth of the charges contained in the said complaint, that Irvin Tilton is guilty of offence charged against him in said complaint, I, the aforesaid and subscribing justice, do judge the said Irvin Tilton to forfeit the sum of four dollars and costs of prosecution, and in default of immediate

payment of the same, or of production of goods and chattels whereon to levy the same, or the giving of bail for an appeal in due form of law, then the said Irvin Tilton to be committed to the Greene County jail for the period of six days, there to be fed, kept and in all respects treated as in said act provided."

The defendant forthwith appealed from the judgment of the justice to the Court of Common Pleas of Greene County, Pennsylvania, entering the required bail for that purpose. Aug. 19, 1920, the defendant presented his petition to the said court and the appeal was allowed, and on Sept. 2, 1920, he moved the court to dismiss and set aside the proceeding had against him before the justice, and in support of the motion filed therewith a number of reasons. June 20, 1921, the Commonwealth, by the district attorney, filed a motion to quash the appeal, together with reasons in support of the same. Among the reasons so filed are: (1) That an appeal from a summary conviction before a justice of the peace (which the district attorney claims this is) does not lie to the Court of Common Pleas; (2) that no notice was given to the private prosecutor, or to the district attorney who appeared before the justice for the prosecution, of the presentation of the petition for the *allocatur*; (3) that the appeal was improvidently granted, no sufficient cause having been shown therefor.

We shall consider first the motion to quash and set aside the appeal. Should it be sustained, it will render unnecessary the consideration of the several other questions raised on the record. The Constitution of Pennsylvania, art. v, § 10, provides: "The judges of the Courts of Common Pleas, within their respective counties, shall have power to issue writs of *certiorari* to justices of the peace and other inferior courts not of record, and to cause their proceedings to be brought before them, and right and justice to be done."

By section 14 of the same article of the Constitution it is provided: "In all cases of summary conviction in this Commonwealth, or of judgment in suit for a penalty before a magistrate or court not of record, either party may appeal to such court as may be prescribed by law, upon allowance of the appellate court or judge thereof upon cause shown."

In pursuance of said section 14, art. v, of the Constitution, and to give effect thereto, the Act of April 17, 1876, P. L. 29, entitled "An act relating to appeal in summary conviction," was passed. Subsequently, by the Act of July 11, 1917, P. L. 771, the said Act of 1876 was amended, and, as so amended, reads: "That in all cases of summary conviction in this Commonwealth before a magistrate or court not of record, either party may, with five days after such conviction, appeal to the Court of Quarter Sessions of the county in which such magistrate shall reside or court not of record shall be held, upon allowance of the said Court of Quarter Sessions, or any judge thereof, upon cause shown; and either party may also appeal from the judgment of a magistrate or a court not of record, in a suit for a penalty, to the Court of Common Pleas of the county in which said judgment shall be rendered, upon allowance of said court, or any judge thereof, upon cause shown."

We see little or no room for contention as to the meaning of this statute. It provides, as we understand it, that in all cases of summary conviction before a justice of the peace or court not of record, the appeal shall be to the Court of Quarter Sessions, and that the appeal from the judgment of a justice of the peace or court not of record, in a suit for a penalty, shall be to the Court of Common Pleas. Is the appeal in the case at bar an appeal from a summary conviction? We think it is. A summary conviction has been defined as a conviction which takes place before an authorized magistrate without the intervention of a jury: Bouvier's Law Dictionary (15th ed.), 400. In 13 Cor-

1 D. & C.

pus Juris, 909, it is defined thus: "In its most restricted sense, the term is a record of the summary proceedings on any penal statute, before one or more justices of the peace, or other person duly authorized, in a case where the offender has been convicted and sentenced; this has usually been termed a summary conviction, and is defined as a judgment pronounced by one or more justices of the peace or other magistrate under the authority of a statute giving them criminal or penal jurisdiction, as in cases of assault."

When a proceeding is begun by information, warrant and arrest, and is carried to conviction before a justice of the peace, as was done in the case at bar, it is a case of summary conviction: Johnstown v. Rose, 13 Dist. R. 26; Com. v. Messinger, 13 Dist. R. 621; Com. v. Rosenthal, 3 Pa. C. C. Reps. 26.

If the conclusion reached be correct that the appeal under consideration is from a summary conviction, then the Court of Common Pleas in which the appeal is pending has no jurisdiction to pass upon it. The Act of April 17, 1876, P. L. 29, as amended by the Act of July 11, 1917, P. L. 771, heretofore quoted, is decisive of the question. It directs that an appeal in such case must be taken to the Court of Quarter Sessions, and the weight of judicial decision is in harmony therewith. In Johnstown v. Rose, 13 Dist. R. 26, it is held: "Where proceedings are begun by information, warrant and arrest, or by arrest upon view, and carried to a conviction before a mayor or justice of the peace, the appeal lies to the Quarter Sessions and not to the Common Pleas." In Com. v. Rosenthal, 3 Pa. C. C. Reps. 26, it is said: "The act of pursuing a worldly employment on the Sabbath day is in the nature of a criminal offence, and prosecution thereof under the Acts of April 22, 1794, and April 17, 1876, is a summary conviction. The Court of Common Pleas has no jurisdiction of an appeal from such proceeding."

In City of Scranton v. Frothingham, 5 Dist. R. 639, Gunster, J., holds: "Under the provisions of the Act of April 17, 1876, P. L. 29, appeals in cases of summary conviction are allowed only to the Quarter Sessions, and appeals in suits for penalties are allowed only to the Common Pleas, and in neither case can an appeal be taken unless the same be allowed by the proper court, or a judge thereof, and upon cause shown."

Broomall, J., in Com. v. Mitchell, 23 Dist. R. 496, holds: "An appeal from a summary conviction must be taken to the Court of Quarter Sessions, and that from a suit for a penalty must be to the Common Pleas. Whether an action is a summary conviction or a suit for a penalty must be determined by the proceedings."

In Com. v. Fasnacht, 12 Dist. R. 327, it is held: "An appeal from a conviction for profane swearing, under the Act of April 22, 1794, § 2, 3 Sm. Laws, 177, lies to the Court of Quarter Sessions who try the appeal without a jury, and not to the Court of Common Pleas, such case being a summary conviction and not a judgment for a penalty."

It is held by Johnson, P. J., in Yeadon Borough v. Kelly, 5 Pa. Justices' Law Repr. 13, that in case of a summary conviction the petition for leave to appeal must be addressed to the Court of Quarter Sessions, and that if addressed to the Common Pleas, it will be dismissed and an amendment refused. For other authorities on this question see 4 Purdon's Digest (13th ed.), 4479, note v.

No notice was given to the district attorney of the presentation of the petition for appeal, and he was not present. Such notice, we think, should have been given: Com. v. Johnston, 16 W. N. C. 349; Com. v. Kent, 5 Pa. Justices' Law Repr. 1; Com. v. Blank, 22 Pa. C. C. Reps. 378; Thompson v. Preston, 5 Pa. Superior Ct. 154.

Commonwealth v. Tilton.

The proceedings before the justice of the peace appearing to have been regular and conformable to law, the motion of the appellant to dismiss the same or grant a rehearing will be refused.

And now, Aug. 22, 1921, after argument of counsel and upon due consideration, the motion of the appellant to dismiss the proceedings or grant a rehearing is overruled and refused, and the motion of the district attorney to quash the appeal is sustained and the appeal is quashed and set aside, at the costs of the appellant.

From S. M. Williamson, Waynesburg, Pa.