## Commonwealth v. Morris.

*School law—Compulsory school attendance—Appeal by parent from sum-mary conviction for disobedience to Quarter Sessions—Act of May 18, 1911.*

1. An appeal to the Court of Quarter Sessions from a summary conviction, under section 1423 of the School Code of May 18, 1911, P. L. 309, for disobedience of section 1414, which requires parents and guardians to send children under their control, with certain exceptions, to the public schools, is to be heard by the court without a jury.

2. Such an appeal is not a matter of right, and can be had only upon allowance by the court, upon cause shown, and the cause should be stated in the petition. But where the defendant secures an appeal from the alderman and enters it in the Court of Quarter Sessions for his own benefit, without any application for or allowance thereof by the court, he cannot thereafter be heard to say that the appeal was not taken in the manner prescribed by law.

3. An indictment in the Court of Quarter Sessions in such a case should be quashed before trial. But when this is not done, judgment of sentence on a verdict of guilty by a jury will be arrested.

4. In such case the court may dispose of the appeal as though no jury had been present and enter judgment for the fine and costs imposed by the alderman and also for the costs of the appeal.

Motion in arrest of judgment. Q. S. Fayette Co., Dec. Sess., 1920, No. 33.

*William A. Miller,* District Attorney, *W. C. McKean* and *L. B. Brownfield,* for Commonwealth.

*George Patterson,* for defendant.

VAN SWEARINGEN, P. J.—The defendant, Alva L. Morris, of Nicholson Township, was indicted and convicted by a jury of unlawfully having refused to send his twelve-year old son, Alva M. Morris, to a day school, notwithstanding he had been given three days' written notice of his violation of section 1414 of the School Code of May 18, 1911, P. L. 309, which requires every parent, guardian or other person having control or charge of any child or children between the ages of eight and sixteen years to send such child or children to a day school, in which the common English branches are taught, continuously throughout the entire term during which the public elementary schools in their respective districts shall be in session, except under certain circumstances mentioned in the Code which do not affect this proceeding.

The case came into this court on an appeal by the defendant from the judgment of an alderman under section 1423 of the School Code, which provides: "Every parent, guardian or person in parental relation, in this Commonwealth, having control or charge of any child or children between the ages of eight and sixteen years, who shall fail to comply with the provisions of this act regarding compulsory attendance shall be guilty of a misdemeanor, and, on conviction thereof before any alderman, magistrate or justice of the peace, shall be sentenced to pay a fine, for the benefit of the school district in which such offending person resides, not exceeding $2 for the first offence, and not exceeding $5 for each succeeding offence, together with costs, and in default of the payment of such fine and costs by the person so offending shall be sentenced to the county jail for a period not exceeding five days: Provided, that any person sentenced to pay any such fine may, at any time within five days thereafter, appeal to the Court of Quarter Sessions of the proper county, upon entering into a recognizance, with one or more proper sureties, in double the amount of penalty and costs: And provided, that before any proceedings are instituted against any parent, guardian or person in parental relation for failure to comply with the provisions of this act, such offending person shall have three days' written notice given him by the superintendent of public

schools, supervising principal, attendance officer or secretary of the board of school directors of such violation, and if, after such notice has been given, the provisions of this act regarding compulsory attendance are again violated by the person so notified at any time during the term of compulsory attendance, such person so again offending shall be liable under the provisions of this act without further notice."

There is before the court now a motion in arrest of judgment, on grounds, *inter alia,* that "the indictment does not charge an indictable offence," that "there is no jurisdiction in the court to sentence the defendant on the indictment or verdict of the jury," and that "there was no appeal in this case taken as prescribed by law, no special *allocatur* having been allowed by the court."

By article v, § 14, of the Constitution of Pennsylvania, it is provided: "In all cases of summary conviction in this Commonwealth, or of judgment in suit for a penalty, before a magistrate or court not of record, either party may appeal to such court of record as may be prescribed by law, upon allowance of the appellate court, or judge thereof, upon cause shown." It is provided by the Act of April 17, 1876, P. L. 29, which was passed to carry the constitutional provision into effect, as amended by the Act of July 11, 1917, P. L. 771: "That in all cases of summary conviction in this Commonwealth, before a magistrate or court not of record, either party may, within five days after such conviction, appeal to the Court of Quarter Sessions of the county in which such magistrate shall reside, or court not of record shall be held, upon allowance of the said Court of Quarter Sessions, or any judge thereof, upon cause shown; and either party may also appeal from the judgment of a magistrate, or court not of record, in a suit for a penalty, to the Court of Common Pleas of the county in which said judgment shall be rendered, upon allowance of said court, or any judge thereof, upon cause shown: Provided, that pending the taking of an appeal by either party, or the allowance or ᴿefusal thereof by the court or judge, the fine, or penalty, and costs imposed ᴅy the magistrate, or court not of record, need not be paid if bail is entered, with one or more sufficient sureties, in double the amount of such fine, or penalty, and costs, for the payment thereof, on the refusal of such appeal, or, if allowed, on the final disposal of such appeal." (The Act of April 17, 1876, P. L. 29, had been amended by the Act of April 22, 1905, P. L. 284. But the Act of July 11, 1917, P. L. 771, makes no reference to the prior amendment, and quotes the original, not the amended, act.)

But neither the constitutional provision nor the legislative enactment gives such an appeal as a matter of right. It can be had only upon allowance by the court, on cause shown, and the cause should be stated in the petition: Com. *v.* Eichenberg, 140 Pa. 158; McGuire *v.* Shenandoah Borough, 109 Pa. 613; Com. *v.* Yocum, 29 Pa. Superior Ct. 428; Com. *v.* Spotts, 45 Pa. Superior Ct. 100; Com. *v.* McCann, 174 Pa. 19; Com. *v.* Menjou, 174 Pa. 25; Thompson *v.* Preston, 5 Pa. Superior Ct. 154; Com. *v.* Hendley, 7 Pa. Superior Ct. 356; Com. *v.* Kephart, 39 Pa. Superior Ct. 524; Mechanicsburg Borough *v.* Gray, 61 Pa. Superior Ct. 95; Sadler's Criminal Procedure, §§ 773 and 775. However, the defendant, having secured the appeal from the alderman and entered it in this court for his own benefit, without any application for or allowance thereof by the court, cannot now be heard to say that the appeal was not taken in the manner prescribed by law.

But judgment of sentence on the verdict of the jury must be arrested, for the reason that the indictment did not charge an indictable offence, and that there is no jurisdiction in the court to sentence the defendant on the verdict of the jury. The indictment ought to have been quashed before trial. The

2 D. & C.

law regulating the right of appeal from summary convictions by magistrates does not authorize the trial of such an appeal by a jury: Com. v. Waldman, 140 Pa. 89; Com. v. Layton, 45 Pa. Superior Ct. 582; Com. v. Zimmerman, 56 Pa. Superior Ct. 311; Com. v. Mecca Co-operative Co., 60 Pa. Superior Ct. 314; Sadler's Criminal Procedure, § 778. But the court heard the evidence on the trial of the appeal, and may dispose of the case the same as though no jury had been present. We are of opinion that the judgment of the alderman was right, and we shall enter the same form of judgment here, so far as applicable, that was entered by the Supereme Court in Com. v. Forrest, 170 Pa. 40. The alderman sentenced the defendant to pay a fine of $5 and costs, and it appeared sufficiently that this was not the first offence committed by the defendant.

And now, Dec. 31, 1921, for the reasons stated in the opinion herewith filed, judgment of sentence on the verdict of the jury is arrested; but it is ordered that judgment for the amount of the fine imposed by the alderman, $5, be entered in favor of the Commonwealth, for the benefit of the School District of Nicholson Township, and against defendant, with costs; defendant also to pay the costs of the proceeding on this appeal.

From Luke H. Frasher, Uniontown, Pa.