## Commonwealth v. Miller et al.

*Appeals—Appeal from summary conviction before a magistrate—Appeal nunc pro tunc—Practice, Q. S.—Article v, section 14, Constitution of Pennsylvania—Act of April 17, 1876.*

1. Application for the allowance of an appeal *nunc pro tunc* from a summary conviction before a magistrate for disorderly conduct will be refused where the applicant had an opportunity to present his case fully and fairly before the magistrate, and there is no doubtful legal question involved, nothing to indicate oppression, corruption or disregard of the law on the part of the magistrate, or after-discovered evidence which would justify a new trial.

2. Neither article v, section 14, of the Constitution of Pennsylvania nor the Act of April 17, 1876, P. L. 29, contemplates the allowance of an appeal *nunc pro tunc* from a summary conviction simply because the defendant is dissatisfied with the result of his trial before the magistrate.

3. Under proper circumstances, the allowance of an appeal from a summary conviction will be granted *nunc pro tunc*, but cause must be shown before such permission will be granted.

Application for allowance of appeal from summary conviction. Q. S. Berks Co., Misc. Docket, 1926, No. 4570.

David S. Mauger, District Attorney, for Commonwealth.

Wilson S. Rothermel, for defendant.

STEVENS, J.—This is an application for the allowance *nunc pro tunc* of an appeal from a summary conviction. Ordinarily, an appeal should not be per-

Commonwealth v. Miller et al.

mitted if the party desiring it has had an opportunity to fully and fairly present his case before the magistrate, unless a doubtful legal question is involved, or there is something to indicate oppression, corruption or disregard of the law on the part of the magistrate, or after-discovered evidence which would justify a new trial. Such appeals should not be allowed save for cause shown, and to ascertain the cause alleged reference must be had to the petition: Thompson v. Preston, 5 Pa. Superior Ct. 154, 156; Com. v. Hendley, 7 Pa. Superior Ct. 356. The petition recites an information charging disorderly conduct in violation of section 1 of the Act of May 2, 1901, P. L. 132, the issuance and service of the warrant, a hearing on June 25, 1926, at which hearing testimony was offered to prove the guilt of the defendants and the imposition of a fine. It contains an averment that defendants were not guilty and that they have a just and true defence, and prays to be allowed to take an appeal. It nowhere alleges that defendants were not given an opportunity to fully and fairly present their case, nor that a doubtful legal question is involved, nor that there was oppression, corruption or disregard of the law by the magistrate, nor does it show any cause other than the dissatisfaction of the defendant with the result of the trial before the magistrate and the hope of better success in the next encounter. Neither article v, section 14, of the Constitution, nor the Act of April 17, 1876, P. L. 29, contemplates the allowance of an appeal for that reason. Further, the judgment was entered June 25, 1926, and no cause has been shown why the application for the allowance of an appeal was delayed until Aug. 21, 1926. Under proper circumstances, the allowance of an appeal from a summary conviction will be granted nunc pro tunc, but cause must be shown before such permission will be granted: Sadler's Penna. Crim. Proced., par. 774. Furthermore, the requirements of Rule 25 of the Rules of Court, providing that a transcript of the magistrate's docket of the proceedings had before him be appended to the petition and that the petition be accompanied with the bond therein required have not been complied with.

And now, to wit, Aug. 23, 1926, the allowance of appeal prayed for is refused.                                      From Charles K. Derr, Reading, Pa.