## Commonwealth v. Kelly.

*C. Victor Johnson,* for Commonwealth; *Wesley B. Best,* for defendant.

KENT, P. J., July 18, 1928.—This case comes before the court upon the petition of the defendant above named, Paul Kelly, which sets forth that he is a citizen of Crawford County, Pennsylvania, residing at Hartstown, in said county; that on July 2, 1928, a complaint was made against him before Ralph A. Schrubb, alderman in and for the 4th Ward of the City of Mead-

ville, Pa., charging him with "unlawfully operating a motor-vehicle on a public highway in Crawford County, Pa., in a reckless manner, so as to endanger the life, limb and property of the other users of the highway, contrary to section 1001 *(a)*, article 10, of the laws of the State of Pennsylvania," and that the said case was so proceeded with by the said alderman that on July 10, 1928, petitioner was adjudged guilty by the said alderman of the offense charged, and sentenced to pay a fine of $25 and costs, or, upon non-payment thereof, to undergo imprisonment for ten days.

The reasons assigned for the allowance of the appeal from the summary conviction are:

"*(a)* That said judgment of conviction was unwarranted and contrary to law, and without proper weight of evidence to legally support it.

"*(b)* Your petitioner alleges that he did not and was not operating his car in a negligent manner, and avers that the preponderance and weight of the testimony given by disinterested witnesses shows that he was free from negligence and was operating his car in a lawful manner at the time he was charged with operating it recklessly."

Section 1001 of the Act of May 11, 1927, P. L. 886, effective in this Commonwealth from and after Jan. 1, 1928, under title of "Reckless Driving," provides: "*(a)* Any person who drives any vehicle upon a highway carelessly and wilfully or wantonly, disregarding the rights or safety of others, or in a manner so as to endanger any person or property, shall be guilty of reckless driving."

Section 1203 of the same act, under title "Summary Offenses," provides that "Any person violating the provisions of any of the following sections or sub-sections of this act shall, upon summary conviction before a Mayor, Burgess, Magistrate, Alderman or Justice of the Peace, be sentenced to pay the following fines and costs of prosecution, and, upon non-payment thereof, to undergo imprisonment in the County Jail for the terms indicated for each offense:

"*(a)* Violating the provisions of Section 1001, Twenty-five ($25.00) Dollars, or upon non-payment thereof to undergo imprisonment for not more than ten (10) days."

Section 1208 of said act, under title "Appeals," provides that "Any person convicted in any summary proceeding under this act shall have the right of appeal as in other cases of summary conviction."

Under the provisions of this act, aldermen are empowered and have jurisdiction to hear and determine the guilt or innocence of all persons charged with reckless driving of vehicles upon the highways of the State in a summary proceeding, providing, also, that the person convicted in any such summary proceeding shall have the right of appeal as in other cases of summary conviction.

The right of appeal from summary convictions and the procedure for the granting of same is a constitutional provision, with acts of assembly passed designed to give effect to this constitutional right. Article v, section 14, of the Constitution of 1874 declares: "In all cases of summary conviction in this Commonwealth, or of judgment in suit for a penalty before a magistrate or court not of record, either party may appeal to such court of record as may be prescribed by law, upon allowance of the appellate court, or judge thereof, upon cause shown."

The Act of April 17, 1876, P. L. 29, as amended by the Act of July 11, 1917, P. L. 771, designed to give effect to the section of the Constitution cited, provides that: "In all cases of summary convictions in this Commonwealth

before a magistrate or court not of record, either party may, within five days after such conviction, appeal to the Court of Quarter Sessions of the county in which such magistrate shall reside, or court not of record shall be held, upon allowance of the said Court of Quarter Sessions, or any judge thereof, upon cause shown."

It is, therefore, clearly established that the right to allow or reject an appeal from the summary conviction is vested in the appellate court or a judge thereof, and based entirely upon reasons assigned in the petition asking for such appeal.

In the instant case we have no transcript of the magistrate's record, or of the testimony produced before him, in the absence of which we presume, and counsel admit upon the argument of this case, that an opportunity to fully and fairly present his case before the magistrate was afforded petitioner; and while the court has the right to look at the evidence offered before the magistrate in behalf of the Commonwealth and the defendant, such is impossible in this case. We are confined to the contents of the petition in our determination of the matter and questions involved. Our courts hold that, ordinarily, an appeal shall not be permitted if the party desiring it has had an opportunity to fully and fairly present his case before the magistrate, unless a doubtful legal question is involved or there is something to indicate oppression or disregard of the law on the part of the magistrate, or after-discovered evidence which would justify a new trial under well-known rules regulating new trials: Thompson v. Preston, 5 Pa. Superior Ct. 154; Com. v. Hendley, 7 Pa. Superior Ct. 356; Com. v. Yocum, 29 Pa. Superior Ct. 428; Com. v. Ralston, 29 Pa. Superior Ct. 426.

We are of the opinion that an appeal should not be allowed unless the party desiring it did not have an opportunity to fully and fairly present his case before the magistrate, or unless a doubtful legal question is involved, or there is something to indicate oppression or disregard of the law on the part of the magistrate, or an allegation of after-discovered evidence, with such reasons clearly assigned as would justify the court in granting a new trial, that the case be tried de novo.

The Superior Court, in an opinion by Wickham, J., in the case of Thompson v. Preston, 5 Pa. Superior Ct. 154, says:

"An appeal from the judgment of a magistrate for a penalty, or in a summary conviction, should not be allowed save for cause shown: McGuire v. Shenandoah, 109 Pa. 613; Com. v. Eichenberg, 140 Pa. 158. To ascertain the cause alleged, reference must be had to the petition presented to the court below: Com. v. Manjou, 174 Pa. 25; and we cannot go outside the petition and deal with the case as though it had originated on a certiorari to the magistrate. Ordinarily, appeals should not be permitted if the party desiring it has had an opportunity to fully and fairly present his case before the magistrate, unless a doubtful legal question is involved, or there is something to indicate oppression, corruption or disregard of law on the part of the magistrate, or after-discovered evidence which would justify a new trial under the well-known rules relating to new trials for that cause.

"Neither article V, section 14, of the Constitution, nor the Act of 1876, which was passed to carry it into effect, contemplates that an appeal should be allowed merely because the party desiring it is dissatisfied with the result of the trial before the magistrate, as is the case with most defeated litigants, and cheers himself with hopes of better success in the next encounter."

In the case of Com. v. Blank, 22 Pa. C. C. Reps. 378, Judge Scott holds: "Appeals from summary convictions are not allowed for reconsideration of a

case upon the merits 'if the party has had an opportunity to fully and fairly present his case before the magistrate, unless a doubtful legal question is involved, or there is something to indicate oppressive corruption or disregard of law on the part of the magistrate, or after-discovered evidence:' Thompson v. Preston, 5 Pa. Superior Ct. 157. The law has committed the decision of the case to the justice, and unless the above conditions exist, the judge exercises no power over it, even if he might conceive the evidence would support a different conclusion. Judgments in summary convictions are in a class quite distinct from those of justices in ordinary cases where appeals are a matter of right."

From argument of counsel in the instant case, it appears that a defense was duly presented before the alderman, and he, doubtless, from a consideration of the evidence offered on both sides, was satisfied of the defendant's guilt of the offense charged, and, therefore, found against him. The petition alleges that the conviction was "unwarranted and contrary to law, without proper weight of evidence to legally support it." In our opinion, there is no allegation in the petition, and nothing upon the record showing that the conviction in this case was contrary to law, or that there is a doubtful legal question involved; in fact, there is no allegation of oppression, corruption or disregard of the law on the part of the magistrate, or of after-discovered evidence.

In the absence of anything in the petition pointing out or alleging whereby the conviction was unwarranted and contrary to law, and without proper weight of evidence to legally support it, we are of the opinion that the petitioner has not assigned any sufficient reason to warrant the court in allowing the appeal prayed for.

*Order.*—And now, July 18, 1928, the prayer of the petition requesting allowance of an appeal from the summary conviction of the magistrate is hereby refused.　　　　　　　　　　　　　From J. Perry Eckels, Meadville, Pa.