## Commonwealth v. Harris

*Frederick B. Smillie,* district attorney, for Commonwealth.

*Robert Trucksess,* for defendant.

DANNEHOWER, J., June 27, 1939.—Defendant was convicted before a justice of the peace for violation of the Act of May 6, 1909, P. L. 443, sec. 1, which provides:

"That it shall be unlawful for any owner to offer for sale or sell any horse, which, by reason of debility, disease, or lameness, or for other cause, could not be worked in this Commonwealth without violating the laws against cruelty to animals."

The justice of the peace, after hearing, fined defendant $25 and imposed the costs of prosecution upon him on the ground that he had sold a disabled horse to the prosecutor, and thereby violated the laws against cruelty to animals.

Defendant filed a petition for an appeal, alleging: (1) That he did not have a fair and full opportunity to present his evidence before the justice of the peace; (2) that irrelevant evidence was admitted by the justice of the peace; (3) that the trial was conducted in an improper manner; and (4) that he was convicted without sufficient proof.

Upon this petition a rule was granted to show cause why the appeal should not be allowed, and the district attorney filed an answer, alleging that the reasons set forth in the petition are not sufficient. After argument, this rule is pending for disposition.

It is well settled that an appeal by a defendant from a summary conviction before a justice of the peace should not be allowed save for cause shown, and to ascertain the

cause alleged reference must be had to the petition presented. Ordinarily, an appeal should not be permitted if the party desiring it has had an opportunity fully and fairly to present his case before the magistrate, unless a doubtful legal question is involved or there is something to indicate oppression, corruption or disregard of law on the part of the magistrate, or unless there is after-discovered evidence which would justify a new trial under the well-known rules relating to new trials for that cause: Thompson et al. v. Preston et al., 5 Pa. Superior Ct. 154 (1897).

The four reasons advanced by defendant for the appeal are conclusions, and are not based upon facts. The transcript shows that defendant was permitted to and did testify at length; and the petition fails to set forth facts which show that he did not have a full and fair opportunity to present his evidence. The petition fails to allege what irrelevant evidence was admitted before the justice of the peace, nor do we know whether defendant or his counsel objected to its admissibility. Petitioner fails to state in what way the trial was conducted in an improper manner. Petitioner should set forth the facts upon which his conclusions are founded, so that the court would have been in possession of the information which would enable it to act in the manner contemplated by law.

We therefore conclude that petitioner has stated conclusions, and not facts, as his reasons for taking the appeal.

However, in our opinion, the record discloses that a doubtful legal question is involved. The Act of 1909, supra, under which defendant was convicted, provides that it shall be unlawful to sell any horse which by reason of lameness could not be worked without violating the laws against cruelty to animals. We must therefore go back to the Cruelty to Animals Act of March 29, 1869, P. L. 22, sec. 1, which provides: "That any person who shall, within this commonwealth, wantonly or cruelly ill-treat, overload, beat or otherwise abuse any animal . . .

shall be deemed guilty of a misdemeanor". This latter act must therefore be considered in interpreting the Act of 1909.

Cruelty to animals may consist of active cruelty, which is wilful or wanton abuse or ill-treatment or unnecessary or unreasonable acts or conduct which cause pain and suffering, or in passive cruelty, which may consist of acts of omission, neglect, and the like, whereby the same kind of suffering is caused or permitted. Where, however, it is expressly or impliedly required that the prohibited act should have been done wilfully or wantonly or with the intent to ill-use the animal or subject it to unnecessary pain and suffering, it must appear that the act was intentional, as distinguished from accidental or involuntary, or that the accused was actuated by malevolent purpose or reckless disregard of the consequences.

To justify a conviction, therefore, there must be present a malevolent purpose or a spirit of wickedness or cruel wantonness or a reckless disregard of the rights and feelings of the brute creature.

The record before us simply discloses that defendant sold a lame horse to the prosecutor, who, after keeping it several weeks, demanded the return of his money, and, when it was refused, instigated this prosecution. There are many human beings who are permanently disabled and lame, and yet walk without any pain or suffering; and it may very well be, as far as the record in this case indicates, that this horse was permanently lame and could be worked without any pain or suffering whatever.

We shall, therefore, on the record allow the appeal, because we believe a doubtful legal question is involved as to whether or not this horse could be worked in this Commonwealth without violating the laws against cruelty to animals.

And now, June 27, 1939, for the foregoing reasons, the rule to show cause why an appeal should not be allowed is hereby made absolute, and the appeal allowed.