## Commonwealth v. Dottery

*M. J. Morgan*, district attorney, and *Bernard B. Naef*, assistant district attorney, for Commonwealth. *Randall W. Snyder*, for defendant.

HENNINGER, P. J., September 20, 1954.—On May 14, 1954, defendant was found guilty of violation of section 44 of the Petty Pollution Act of June 22, 1937, P. L. 1987, 35 PS §691.401, and fined $100 by Alderman Robert R. Williams. He paid $223 to the alderman, announcing his intention to appeal.

On June 10, 1954, defendant presented a petition to this court for the allowance of an appeal nunc pro tunc from the conviction, contending that failure to comply with the Act of April 17, 1876, P. L. 29, as last amended by the Act of June 3, 1953, P. L. 272, 19 PS §1189, was caused by inadvertence of counsel and by failure of the alderman to warn of the statute of limitations. The petition also averred that defendant was an employe of the owner of the premises upon which the pollution was claimed and there was annexed to the petition a lease from the owners to the prosecutor showing that the owner had reserved the right to enter the premises to dump stone, ground, wood or any other substance not in violation of the act. The petition further averred that there was a dispute in the testimony as to whether any polluting material had been dumped by defendant.

Before deciding whether an appeal should be allowed nunc pro tunc, we ought to decide whether one would have been allowed, had the application been made in time.

When we examine the petition, we note that defendant does not state that he was dumping as the agent of the owner or by authority of any right of the owner reserved in the lease.

Even if defendant was acting under the authority reserved to his employer under the lease, it will be noted that the privilege extended solely to dumping within the terms of the very law he is accused of violating.

Defendant admits that there was contradictory testimony whether he had dumped objectionable material. There is no charge of misconduct on the part of the alderman, excepting that he erred in finding the evidence sufficient to convict and that he should have notified defendant of the necessity of appealing in 10 days.

Defendant has not called our attention to any act or law requiring an alderman to warn a litigant of the necessity for a prompt appeal. It is sufficient if he does not lull a litigant into a sense of false security and there is no such charge. The Act of 1953, supra, extended and did not shorten the time for an appeal, so defendant's ignorance of the existence of that act is immaterial.

On the merits we quote from Commonwealth v. Palms, 141 Pa. Superior Ct. 430, 433, itself quoting from Thompson v. Preston, 5 Pa. Superior Ct. 154, 157:

"Ordinarily an appeal should not be permitted, if the party desiring it has had an opportunity to fully and fairly present his case before the magistrate, unless a doubtful legal question is involved, or there is something to indicate oppression, corruption or disregard of law on the part of the magistrate, or after-discovered evidence which would justify a new trial, under the well-known rules relating to new trials for that cause. Neither Art. V, sec. 14 of the Constitution, nor the act of 1876, which was passed to carry it into effect, contemplates that an appeal should be allowed merely because the party desiring it is dissatisfied with the result of the trial before the magistrate, as is the case with most defeated litigants, and cheers himself with hopes of better success in the next encounter."

This case boils down to the question of fact whether defendant dumped deleterious matter. Defendant ad-

mits that the testimony was contradictory and does not complain of bias, corruption, harassment or coercion. Under the circumstances we are not inclined to disturb the alderman's judgment of conviction.

Since we would not allow an appeal in any case upon the facts pleaded, presentation of the petition in common pleas court instead of quarter sessions court is of no consequence, nor would we allow an appeal nunc pro tunc, where we would not have allowed a timely appeal.

Now, September 20, 1954, defendant's rule to show cause why an appeal nunc pro tunc should not be allowed is discharged and an appeal is denied at appellant's costs.