## Burkholder v. Hurst

*Joseph G. Eidson, Jr.*, for plaintiff.

*Brown & Zimmerman*, for defendant.

WISSLER, P. J., MARCH 20, 1959.—Richard Burkholder brought an action in trespass before Alderman Clair G. Kurtz, of Lancaster, to recover damages to his truck growing out of a collision between his truck and the automobile operated by defendant, Elvin W. Hurst, and owned by Reuben W. Hurst, father of defendant. After a hearing before the alderman, at which defendant-petitioner was present, plaintiff re-

covered a judgment against defendant for damages to his truck in the amount of $95.69.

Pursuant to the provisions of the Act of May 17, 1956, P. L. 1626, 42 PS §913a, defendant filed a petition for special allowance of an appeal to the court of common pleas. As a basis for the appeal defendant-petitioner alleged, inter alia, as follows: "(3) That as a result of the collision for which the said suit in trespass was entered by the plaintiff, the automobile operated by your Petitioner and owned by the father of your Petitioner, Reuben W. Hurst, was damaged for which Reuben W. Hurst desires to and will enter suit against the plaintiff; (4) That the said Alderman has no jurisdiction on the case of Reuben W. Hurst versus the plaintiff in that it is a trespass on the case action; and (5) That your Petitioner claims that the judgment entered against him by the said Alderman was against the law and contrary to the evidence presented."

Upon the issuance of a rule on defendant's petition, plaintiff filed an answer to paragraphs 3 and 5 of the petition as follows: "(3) That in answer to Paragraph 3 of Defendant's petition, your Respondent contends that the facts averred in that paragraph are not relevant to this Appeal, as Reuben W. Hurst is not a party to this present action and he has the right to commence an action to protect his interests without your Honorable Court granting this special allowance for appeal; and (5) That in answer to Paragraph 5 of Defendant's Petition, your Respondent contends that the Defendant has not averred any facts in his Petition for Special Allowance of Appeal to warrant a finding by your Honorable Court that the judgment of the Alderman was against the law and contrary to the evidence presented."

The matter before the court on the present rule is upon the petition and answer, no depositions having been taken by either party.

The Act of May 17, 1956, P. L. 1626, sec. 1, 42 PS §913a, supra provides as follows: "In every action of trespass before a magistrate, alderman or justice of the peace, in which a right of appeal from the decision thereof to the court of common pleas now exists, the right of appeal shall hereafter apply only where the judgment given by the magistrate, alderman or justice of the peace shall exceed the amount of one hundred dollars ($100), excluding costs. In case the amount of the judgment does not exceed one hundred dollars ($100), the judgment of the magistrate, alderman or justice of the peace shall be final except by petition to the court of common pleas for special allowance."

It is obvious that the intent and purport of the act was to remove from court calendars these smaller cases in which the damage is not in excess of $100 where the costs of pressing the claim could exceed the amount of the claim and therefore no special allowance should be granted except for cause shown, which must be something more than a general allegation that the trier of the facts should have reached a different conclusion than the one he did reach.

In construing the Act of April 17, 1876, P. L. 29, as amended, 19 PS §1189, providing for appeals from summary convictions and from judgments in suits for penalty "upon allowance" and "upon cause shown", the court in Thompson v. Preston, 5 Pa. Superior Ct. 154, 157, said: "Ordinarily an appeal should not be permitted, if the party desiring it has had an opportunity to fully and fairly present his case before the magistrate, unless a doubtful legal question is involved, or there is something to indicate oppression, corruption or disregard of law on the part of the magistrate, or after-discovered evidence which would justify a new trial, under the well-known rules relating to new trials for that cause."

It is conceded by both plaintiff and defendant, as they must, that the alderman would have no jurisdiction over a counterclaim which Reuben W. Hurst, the owner of the car operated by defendant-petitioner, might have against plaintiff in that it would be a trespass on the case action, but plaintiff contends that since Reuben W. Hurst is not a party to the present action, paragraphs 3 and 4 of defendant's petition for special allowance are not relevant and that Reuben W. Hurst has the right to commence a separate action against plaintiff and would, therefore, not be prejudiced in any way by the refusal of the court to grant this appeal. The court is in accord with this contention.

The remaining basis for allowing the appeal is that the judgment entered against defendant, petitioner, was against the law and contrary to the evidence presented, and defendant contends that the alderman erred as a matter of law in not ruling contributory negligence on the part of plaintiff. However, when, as in the instant case, there is no more than a conflict in the evidence, and petitioner was present at the hearing, no doubtful legal question involved or anything to indicate oppression or disregard of the law on the part of the magistrate, this court would not be warranted in allowing the appeal on the ground that no negligence of defendant was shown, or on the ground that plaintiff was contributorily negligent. It was similarly so held in Schlusser v. Conrad, 15 D. & C. 2d 150; Gathagan v. Fortney, 15 D. & C. 2d 223.

And now, March 20, 1959, for the foregoing reasons, the rule to show cause why an appeal should not be allowed be and is hereby discharged.