## Commonwealth v. Moyer

*George Kerestes*, District Attorney, for Commonwealth.

*Prutzman & Quinn*, for defendant.

HEIMBACH, P. J., June 11, 1962.—Defendant, W. Melvin Moyer, being an automobile dealer, was charged by Trooper Frank Novotney, of the Pennsylvania State Police, with having issued temporary registration plates or markers on six different occasions (see cases docketed in this court to numbers 109 to 114 June sessions, 1962, inclusive) and failed to send to the department a copy of the temporary registration plate or marker certificates, in violation of section 1 (c) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, August 22, 1961, P. L. 1031, 75 PS §512 (c) . . .

Under section 1 (c), supra, the dealer who issues temporary license plates is obliged to send to the department a certificate of issuance on the day of issuance, as well as an application for a certificate of title and annual registration plates, unless the vehicle is not to be registered in Pennsylvania, in which case a statement to that effect shall accompany the certificate. The

stipulated evidence is that the contract to purchase the vehicle was rescinded on the same day of issuance of the temporary plates or markers. Thus, on the date of issuance of the temporary plates and before defendant was required under section 1 (c) to send to the department a certificate of issuance, under sub-section (j) the temporary registration plates or markers expired and became void. Sub-section (j) provides:

"Temporary registration plates or markers shall expire and become void ... upon the rescission of a contract to purchase a vehicle ..."

The temporary plates or markers having become void before defendant was under a duty to return to the department a certificate of issuance of such temporary plates or markers, and since there were not to be any certificate of title or annual registration plates issued, or the vehicle registered elsewhere than in Pennsylvania, defendant did not violate section 1 (c) of the Act of August 22, 1961, by failing to send in a certificate of the issuance of temporary plates following the rescission of the contract to purchase the automobile for which such temporary plates were issued. The law does not compel a useless act.

"It is well established and settled that an appeal from a summary conviction before a justice of the peace is not a matter of right but of grace, and should not be allowed save for compelling reasons. Ordinarily, an appeal should not be permitted if the party desiring such appeal has had an opportunity to fully and fairly present his case before the magistrate, unless a doubtful legal question is involved or there is something to indicate oppression, corruption or disregard of law on the part of the magistrate, or unless there is after-discovered evidence which would justify a new trial: Thompson v. Preston, 5 Pa. Superior Ct. 154; Commonwealth v. Freedman, 161 Pa. Superior Ct. 12": Commonwealth v. Krakover, 12 D. & C. 2d 445.

It is our opinion that the parties have had a full and fair opportunity to present their case before the justice of the peace, that the justice did not disregard any laws, that there is not a doubtful legal question or a constitutional question involved, nor is there any allegation of after-discovered evidence which would justify a new trial.

For the reasons above, we enter the following

### Order

Now, to wit, June 11, 1962, the Commonwealth's rule to show cause why it should not be allowed to appeal from the verdict of Justice of the Peace Begel is dismissed.

Costs on the County of Carbon.