Commonwealth, Appellant, *v.* John H. Phelps.

*Summary conviction— Sunday—Act of April 22, 1794—Complaint.*

In a proceeding against a person for violation of the Sunday law of April 22, 1794, the complaint must allege that the offense was committed in the county in which the proceedings were instituted. This is a jurisdictional fact and its omission is fatally defective.

Argued Feb. 27, 1895. Appeal No. 278, Jan. T., 1895, by plaintiff, from order of C. P. Lackawanna Co., Sept. T., 1894, No. 30, reversing judgment of alderman. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCH-ELL, JJ. Affirme l.

Certiorari from judgment of alderman convicting defendant of violating Sunday law of 1794.

. The written complaint, which was the foundation of the pro ceeding, was as follows:

" The information of F. A. Dony of the city of Scranton, taken upon his oath before I. L. Post, Esq., an alderman in and for the Seventeenth ward of said city, the 22d day of May, A. D. 1894, the said F. A. Dony saith that on the 20th day of May, A D. 1894, John H. Phelps of the said city of Scranton did keep open on the first day of the week, commonly called Sunday, his place of business at the corner of Wyoming avenue and Spruce street, as on other days, and did sell soda water and other beverages and articles contrary to the act of assembly of 22d April, 1794."

The warrant followed the complaint and did not state the county in which the alleged offense was committed.

Judgment was entered against the defendant by the alderman.

The court in an opinion by EDWARDS, J., reversed the judgment.

*Error assigned* was order as above, reversing judgment.

*F. L. Hitchcock,* for appellant.—The information or complaint and warrant were sufficiently specific to give defendant full notice of the nature of the charge which is all that is required: Com. v. Burkhart, 23 Pa. 521 ; Johnson v. Com., 22 Pa. 102.

The information is no part of the record, and not subject to review. It matters not what papers are sent up, the act of assembly of March 20, 1810 (Purd. Dig. 607, sec. 22), defines what constitutes the record; viz: the original precepts, the judgment and the execution: Managers of the Poor v. Zinck, 1 Ash. 65 ; Curran v. Atkinson, 1 Ash. 51 ; Dunbar v. Jones, 1 Ash. 215.

*George S. Horn,* for appellee.—It is horn book law that jurisdiction cannot be created or given by the parties when the offense charged does not give the alderman jurisdiction: Com. v. Burkhart, 23 Pa. 521.

In summary proceedings under a statute all facts essential to jurisdiction of the court must affirmatively appear on the

face of the record: Kaufman, 43 L. I. 4; Com. v. Wigoner, 1 Kulp, 66; Com. v. Davenger, 10 Phila. 478; Laverty v. Com., 4 Pa. C. C. R. 137; Laverty v. Com., 35 P. L. J. 70; Duncan v. Com., 1 Pears. 213; Com v. Martin, 7 Pa. C. C. R. 153; Friedeborn v. Com., 113 Pa. 242.

OPINION BY MR. JUSTICE McCOLLUM, October 7, 1895:

In this case as in The Commonwealth v. Gelbert, ante, p. 426, just decided, the complaint on which the conviction is based is fatally defective; the foundation will not suport the superstructure. The defect in this case is of the same nature as the defect in that, and it consists of the omission from the complaint of a jurisdictional fact. The written complaint in this case fails to show that the acts mentioned in it were committed in Lackawanna county. For reasons given in The Commonwealth v. Gelbert, supra, we overrule the specifications of error.

Judgment affirmed.