## Commonwealth *v.* Levine, Appellant.

*Summary conviction—Justice of the peace—Appeals from quarter sessions—Vagrancy.*

On an appeal to the court of quarter sessions under the Act of April 17, 1876, P. L. 29, from a summary conviction for vagrancy before a police magistrate, the appellant is not required to prove that he did not have a fair and impartial hearing before the magistrate, before he will be permitted to prove that he is not guilty of the charge preferred against him.

In cases of summary conviction the court of quarter sessions has discretionary power to allow or refuse an appeal. In determining whether or not it shall be allowed, the court may and should consider, amongst other things, the fact, if it be a fact, that the applicant for the appeal had an opportunity to fully and fairly present his case before the magistrate. But if the appeal has been duly allowed, and has not been vacated or dismissed upon cause shown, the parties are entitled to a hearing upon such relevant and material evidence pertaining to the charge as they produce, and to the judgment of the court based on the facts established thereby, and the law applicable to those facts. In short, to grant the appeal is discretionary, but to accord the parties such hearing, under the circumstances stated, is not discretionary, but demandable of right.

Argued Dec. 10, 1907. Appeal, No. 130, April T., 1908, by defendant, from judgment of Q. S. Allegheny Co., April T., 1908, No. 130, affirming judgment of police magistrate in case of Commonwealth v. David Levine. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Appeal from summary conviction for vagrancy.

At the trial appellant proposed to prove by his parents and other witnesses the appellant is not a vagrant. That at the time of his arrest he resided at No. 1224 Clark street, Pittsburg, Pa., with his parents. That he has resided there with his parents for the past twenty years.

That at the time of his arrest he was engaged in the produce business with his brother, Abe N. Levine, and J. Zidman, the name of the firm being the Charleroi Produce Company.

That from April 3, 1903, until July 29, 1907, he was in partnership with one Harry Abel, in the shooting gallery business at No. 105 Grant street, in the city of Pittsburg, Pa.; that on July 29, 1907, he sold his interest in said business to his partner, Harry Abel, for the sum of $550, receiving $450 cash and a judgment bond from the said Harry Abel for $100, in payment for his said interest in said business.

That on August 22, 1907, he was also engaged in the scrap iron business with one Harry Ruben, at No. 431 Second avenue, in the city of Pittsburg, Pa., the name of said firm being the Fort Pitt Junk Company, he owning a one-half interest in said business, and that prior to that time he had been engaged in the furniture business at the corner of Sixth avenue and Ross street, Pittsburg, Pa. That he had also been engaged in the flower business in the Fifth Avenue Arcade Building in the city of Pittsburg, Pa.

That at the time the appellant was in court for a hearing on his appeal he was compelled to employ a man to do his work as a partner of the Charleroi Produce Company.

The court overruled the offer and affirmed the judgment of the magistrate.

*Errors assigned* were (1) in overruling the offer of evidence and (2) in affirming the judgment.

*Lawrence B. Cook,* for appellant.—An appeal allowed by the court of quarter sessions upon cause shown, should be heard by the court: Thompson *v.* Preston, 5 Pa. Superior Ct. 154; Commonwealth *v.* Hendley, 7 Pa. Superior Ct. 356.

Where appellant after appeal has been allowed, offers to prove he has not had a fair and impartial hearing before the magistrate, it is the duty of the quarter sessions court to hear the evidence: Thompson v. Preston, 5 Pa. Superior Ct. 154.

*Leonard S. Levin,* for appellee.—Appeals from a magistrate on summary conviction should not be allowed save for cause shown. The whole matter rests in the sound discretion of the court below, and an appeal to the Superior Court must be regarded as a substitute for a certiorari: Commonwealth v. Hendley, 7 Pa. Superior Ct. 356; McGuire v. Shenandoah, 109 Pa. 613; Com. v. Eichenberg, 140 Pa. 158.

OPINION BY RICE, P. J., April 20, 1908:

The Act of June 16, 1891, P. L. 303, applying to cities of the second class, provides that it "shall and may be lawful for any such police magistrate where vagrants may be found within the city in which such police magistrate resides or is appointed to commit such vagrants (being thereof legally convicted before him, on his own view or by confession of such offenders or by the oath or affirmation of one or more credible witnesses) to the workhouse of the county . . . . if such there be, otherwise to the common jail of such county, there to be kept at such hard labor . . . . for any time not less than thirty days nor more than six months." It appears by the transcript of the magistrate that the defendant was charged with being a vagrant, and that after full hearing he was convicted and committed to the workhouse for thirty days. By special allowance of the court of quarter sessions, granted upon his petition, the defendant appealed from the conviction, and duly filed in that court a transcript of the proceedings before the magistrate and a copy of the commitment. The docket entries of the proceedings in the quarter sessions are very meager, but in addition to the foregoing there is the following: "October 3, 1907, judgment affirmed." There is nothing in the record which expressly shows whether this judgment was based on a mere review of the proceedings sent up by the magistrate, or upon evidence produced on a hearing in court pursuant to the appeal. But

it is apparent from the bill of exceptions sealed by the court, if we may consider it, as well as from the express concession of the city solicitor, who represented the commonwealth in the court below and here, that he maintained, and the court held, that it was incumbent on the defendant to prove that he did not have a fair and impartial hearing before the magistrate, before testimony as to the merits of the charge would be admissible. To show that we have not misunderstood counsel in this regard, we quote from his paper-book: "The court did not refuse, on October 3, 1907, to hear said case but demanded first, that appellant prove that he did not have a fair and impartial hearing before the magistrate before it would hear testimony de novo." Again, in opening the argument in his printed brief we find the following: "There is only one question involved in this case, and that is, did appellant have an opportunity to fully and fairly present his case before the magistrate?" Further on he says: "The first orderly step is for the appellant to satisfy the court that he was denied a fair and impartial hearing before the magistrate. Failing to do this there is no reason for the court to again review the testimony as to the guilt or innocence of the defendant. In the case at bar there was no offer to show that appellant did not have a fair and impartial trial but instead an offer to show that he was not guilty of the charge preferred against him."

It may be questioned whether an appeal to the quarter sessions, duly allowed, from a summary conviction upon the charge of vagrancy is such a criminal case as is comprehended in sec. 1 of the Act of May 19, 1874, P. L. 219, relative to bills of exceptions in criminal cases. But as counsel for the commonwealth does not raise objection to the manner in which the ruling of the court was brought upon the record, but clearly waives it by the concession and argument above referred to, we do not feel required to raise it, and to presume from a record so uncertain as we have above indicated, and contrary to the admitted fact, that the judgment affirming the judgment of the magistrate was entered after the defendant had had a hearing in court, or an opportunity to be heard, upon the question of his guilt or innocence. If in such a case the defendant has been

accorded such hearing in the court of quarter sessions as the constitution and laws entitle him to, an appeal to this court will not give him a right to have the judgment of the quarter sessions reviewed on the evidence. He is entitled only to such review by the appellate court as was had by certiorari prior to the act giving the name "appeal" to all appellate proceedings: Thompson v. Preston, 5 Pa. Superior Ct. 154. But here there is no attempt to obtain a review by this court upon the merits; the complaint is that the defendant was condemned without such hearing as he was entitled to, and for the reasons above suggested we conclude that we would not be justified in refusing to consider that question.

The Act of April 17, 1876, P. L. 29, which was passed to carry into effect sec. 14, article V of the constitution, provides, so far as material to be noticed here, as follows: "In all cases of summary conviction in this commonwealth before a magistrate or court not of record, either party may, within five days after such conviction, appeal to the court of quarter sessions of the county in which such magistrate shall reside, or court not of record, shall be held, upon allowance of the said court of quarter sessions, or any judge thereof upon cause shown; . . . . provided that all appeals from summary . . . . shall be upon such terms as to payment of costs, and entering bail, as the court or judge allowing the appeal shall direct."

The clause of the constitution above referred to, which enlarges the right of appeal and secures it against infringement by future legislation, was adopted to remedy evils of considerable magnitude which had grown up under laws giving inferior magistrates and courts not of record the power to fine and imprison summarily. One of the evils was not that there was no mode whereby the court could review their proceedings for the purpose of ascertaining whether they had kept within the limits of their jurisdiction and had proceeded regularly; for there was such mode of review by certiorari prior to the adoption of the present constitution, which was preserved by sec. 10 of the same article. Hence, it is to be presumed that in thus enlarging the right of appeal the framers of the constitution had in view the correction of mischief for which the

remedy by certiorari was not adequate, and intended to provide, within certain restrictions, a mode whereby not merely the fairness and impartiality of the hearing before the magistrate could be inquired into, and his errors of law, as shown by his record, could be corrected, but whereby the judgment of the court of quarter sessions upon the facts established by the evidence adduced in that tribunal could be had. . The mode provided is by an appeal, which the court has discretionary power to allow or refuse. In determining whether or not it shall be allowed, the court may and should consider, amongst other things, the fact, if it be a fact, that the applicant for the appeal had an opportunity to fully and fairly present his case before the magistrate. But if the appeal has been duly allowed, and has not been vacated or dismissed upon cause shown, the parties are entitled to a hearing upon such relevant and material evidence pertaining to the charge as they produce, and to the judgment of the court based on the facts established thereby, and the law applicable to those facts. In short, to grant the appeal is discretionary, but to accord the parties such hearing, under the circumstances stated, is not discretionary, but demandable of right. To hold otherwise than we have done would so narrow the remedy given by the constitution and the act passed to carry it into effect as to defeat, in great part, the purpose which the framers of the constitution and the legislature had in view. The argument that the foregoing construction requires the consumption of much time in the hearing of this class of petty cases is not convincing, even if the premises be conceded. But the time to consider and determine whether there is such probable cause for the appeal as would justify the consumption of time in a retrial of the case in court, is before the appeal is allowed. If due care be exercised in that preliminary stage of the proceeding, the argument above referred to, will have little foundation in fact. On the other hand, to put on a defendant, who has been convicted by a magistrate and sentenced to imprisonment, the burden of showing in the quarter sessions, upon the hearing of his case, after an appeal has been duly allowed by that court, that the magistrate was guilty of unfairness and partiality, before evi-

dence of his innocence can be introduced, would, in many cases, work injustice. Unfairness and partiality of the magistrate are not the only grounds upon which a person so convicted may justly petition the court of quarter sessions for a hearing in that tribunal upon the question of his guilt or innocence. It appearing that the defendant has not had such hearing in the quarter sessions the case must be remitted to that court in order that it may be accorded.

The judgment is reversed and the record remitted to the court below with direction to hear the cause and to enter such judgment as the law and evidence require.