## Commonwealth v. Stauffer.

*Practice, Q. S.—Appeal from summary conviction—Act of April 17, 1876, P. L. 29, as amended by the Act of April 1, 1925, P. L. 98—Voluntary payment of costs.*

1. A defendant in a summary conviction has the right to appeal to the Court of Quarter Sessions within five days after conviction, even though he has paid the fine or costs imposed by the justice.

2. The defendant shows sufficient cause for the allowance of the appeal by the court where his petition sets forth that he "was not given a proper trial," "there was too much desire for speed in the proceedings" on the part of the alderman, and that there was bias on his part shown by an "evident aversion" to giving defendant an opportunity to be heard.

Rule to strike off appeal from summary conviction. Q. S. Berks Co., Miscellaneous Docket, 1925, No. 3827.

*David F. Mauger*, District Attorney, for Commonwealth and rule.

*Jonathan P. Batdorf*, for defendant.

RICHARDSON, J., Nov. 16, 1925.—This case is before us on a rule to show cause why an appeal allowed by us from a summary conviction should not be vacated and stricken from the records. The reasons advanced are two: First, that the fine having been remitted and the costs paid by the defendant, the judgment of the alderman was fully executed and there was nothing remaining from which defendant could appeal. Second, that the cause shown by the defendant for an allowance of the appeal is not such a cause as entitles him to a further hearing of his case.

In our opinion, the first reason advanced is not a good one, in view of the recent Act of April 1, 1925, P. L. 98, amending the Act of April 17, 1876, P. L. 29, and its amendments, relating to appeals from summary convictions. This act gives the right to all defendants in such cases, within five days after conviction, to appeal to the Court of Quarter Sessions, *even though any fine imposed has already been paid.* In the present case, both a fine and costs were imposed on the defendant. It is immaterial that the fine was remitted. The defendant did pay the penalty of $8.50 costs. The important thing is that he was convicted and sentence imposed. The latter part of the Act of 1925, above referred to, reads as follows: "If the defendant pays the fine *or penalty and costs imposed* and wishes to take an appeal under the provisions of this section, he shall give bail in double the probable amount of costs that may accrue in the final disposition of the appeal."

This requirement has been fully complied with by the defendant in this case and entitles him to the right to take an appeal.

The second reason advanced for striking off the appeal is not convincing. There is sufficient "cause shown" in the defendant's petition for the allowance of an appeal. The petition sets forth that the defendant "was not given a proper trial" before the alderman. This is important, if true. The petition also sets forth that there was too much "desire for speed in the proceedings" on the part of the alderman, and that there was bias on his part shown by an "evident aversion" to giving the defendant an opportunity to be heard. These facts, if true, are ample cause for allowing an appeal. The granting of or refusal to allow an appeal rests in the discretion of the court: Com. *v.* Levine, 36 Pa. Superior Ct. 188, 193.

And now, to wit, Nov. 16, 1925, upon due consideration, the rule to show cause why the within appeal should not be stricken off is discharged.

From Charles K. Derr, Reading, Pa.