Commonwealth *v.* MacDonald, Appellant.

Argued October 2, 1928.

Before
PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*George H. McWherter,* for appellant.—The defendant is entitled to appeal if a doubtful legal question is involved or there is something to indicate disregard of law on the part of the magistrate. Thompson v. Preston, 5 Pa. Superior Ct. 154; Commonwealth v. Hendley, 7 Pa. Superior Ct. 356; Commonwealth v. Menjou, 174 Pa. 25; Commonwealth v. Simon, 22 Pa. District Reports 83; Commonwealth v. Kephart, 39 Pa. Superior Ct. 524; Commonwealth v. Price, 45 Pa. Superior Ct. 643; Commonwealth v. Levine, 36 Pa. Superior Ct. 188.

*John R. Keister,* District Attorney, and with him *Fred B. Trescher,* Assistant District Attorney, for appellee, cited: Commonwealth v. Eichenberg, 140 Pa. 158.

*James Gregg,* amicus curiae.

OPINION BY GAWTHROP, J., November 14, 1928:
Defendant was convicted before a justice of the peace under the Act of April 14, 1905, P. L. 169, which provides that it shall be unlawful for any person wilfully to enter upon any land where the owner or owners of said land has caused to be permanently posted

thereon printed notices that the land is private property, and warning all persons from trespassing thereon, under the penalties provided in the act. It appears by the transcript of the justice of the peace that after a hearing held May 25, 1928, at which defendant was present, he was adjudged guilty and sentenced to pay a fine of $5 and the costs of prosecution. By special allowance of the court of quarter sessions, granted upon his petition on May 31, 1928, by COPELAND, P. J., defendant appealed and duly filed in that court a transcript of the proceedings. When the case came on for hearing in the quarter sessions before another judge of that court, counsel for the Commonwealth made a motion to strike off the appeal and, after argument on the motion by counsel for the respective parties and without hearing any evidence on the motion, the trial judge struck off the appeal on the ground that the reasons assigned in the petition for the allowance of the appeal were insufficient and inadequate to justify its allowance. In this appeal by defendant, we are asked to review that action so taken.

It is well settled that an appeal by a defendant from a summary conviction before a magistrate or court not of record should not be allowed save for cause shown: Thompson v. Preston, 5 Pa. Superior Ct. 154; that to ascertain the cause alleged, reference must be had to the petition presented to the court below: Com. v. Menjou, 174 Pa. 25; and that the matter of allowing or refusing an appeal rests in the sound discretion of the court of quarter sessions, or a judge thereof: Com. v. Levine, 36 Pa. Superior Ct. 188; Com. v. Hendley, 7 Pa. Superior Ct. 356. "Ordinarily an appeal should not be permitted, if the party desiring it has had an opportunity to fully and fairly present his case before the magistrate, unless a doubtful legal question is involved, or there is something to indicate oppression, corruption or disregard of law on

the part of the magistrate, or after discovered evidence which would justify a new trial under the well known rules relating to new trials for that cause. Neither Article V, Section 14, of the Constitution, nor the Act of 1876, which was passed to carry it into effect, contemplates that an appeal shall be allowed merely because the party desiring it is dissatisfied with the result of the trial: Thompson v. Preston, supra.'' But in Com. v. Levine, supra, President Judge RICE, speaking for this court, pointed out that Section 14 of Article V of the Constitution enlarges the right. of appeal in cases of summary conviction by providing, within certain restrictions, a mode whereby not merely the fairness and impartiality of the hearing before the magistrate could be inquired into, and his errors of law, as shown by his record, could be corrected, but whereby the judgment of the court of quarter sessions upon the facts established by the evidence adduced in that tribunal could be had; and that while to grant the appeal is discretionary, to accord the parties such hearing, under the circumstances stated, is not discretionary but demandable of right, unless the appeal has been vacated or dismissed upon cause shown. Notwithstanding the fact that the time to consider and determine whether there is such probable cause for the appeal as would justify a retrial of the case in court is before the appeal is allowed, the right of the quarter sessions to vacate or strike off the appeal upon cause shown was recognized in that case. While there would seem to be no valid reason why the court of quarter sessions should not reconsider its decision—review its discretion—allowing such an appeal and no valid reason why a judge of that court who granted such an appeal should not reconsider his own decision and vacate the order allowing the appeal, it is at least gravely doubtful whether one judge of the court of quarter sessions has the authority to review the dis-

cretion of another member of that court in such circumstances and vacate and strike off an appeal allowed by him. As the authority to allow an appeal is lodged in a single judge, a petition or motion to strike off or vacate the appeal allowed by one judge should be considered by him or by the court in banc. Conceding for present purposes, but not deciding, that the additional law judge had the authority to strike off the appeal allowed by the president judge, we are of opinion that his conclusion that the sole purpose of the appeal was to secure a second trial on the same evidence in another forum, is not warranted by the record in the case. The petition contained an averment that defendant was an employee of the Penn Valley Coal Company, owner of the posted premises and as such was a licensee of said company upon said premises. We must assume that this and every other defense the defendant had to the complaint made against him were set up at the trial before the justice. If defendant was a licensee on the posted premises, the Act of 1905, supra, did not apply to him. It appears, therefore, that the record in the case raised a legal question proper to be considered by the court below. This alone was sufficient to warrant the granting of the appeal so that in the language of President Judge RICE, supra, "the judgment of the court of quarter sessions upon the facts established by the evidence adduced in that tribunal could be had." It follows that the order striking off the appeal was wrong and that the case must be remitted to the quarter sessions in order that that tribunal may accord defendant a hearing.

The judgment is reversed and the appeal is reinstated and the record is remitted to the court below with direction to hear the cause and enter judgment as the law and evidence require.