## Commonwealth v. Hancock.

*Louis A. Bloom*, Assistant District Attorney, for Commonwealth.

*Lutz, Ervin, Reeser & Fronefield*, for defendant.

MacDade, J., Jan. 8, 1929.—This is a summary conviction, from which an appeal by special allowance was taken to this court and a hearing *de novo* had thereon.

It appears that the defendant was convicted of "reckless driving" under section 1001-*a* of the Act of 1927, being commonly called The Motor Vehicle Act, before a justice of the peace in the Borough of Ridley Park. He was duly sentenced, after hearing, to pay a fine of $25 and costs of prosecution. He was committed to jail when he failed or refused to pay the same, but, after languishing in jail and before the granting of this appeal by special allowance, the fine and costs were paid by a friend and he was released from his incarceration.

An inspection of the transcript shows (1) he was charged wtih violating section 1001-*a;* (2) "defendant admitted he had been drinking;" (3) "defendant was sworn and pleaded guilty;" that he was fined $25 and costs and committed to jail for failure or refusal to pay.

When this appeal was allowed, the following colloquy took place between the court and defendant's counsel:

"By Mr. Fronefield: This is a request for an appeal to the Court of Quarter Sessions. I just got it.

"The Court: Who will inform the district attorney's office?

"Mr. Fronefield: I will inform him that it has been filed. He has now paid the fine and costs and we will enter whatever bail the court says.

"The Court: Having paid the fine and costs, you expect to get the fine and costs back?

"Mr. Fronefield: I don't think personally, myself.

"The Court: Appeal allowed, bail to be entered for appearance.

"Mr. Fronefield: Will you fix the amount of the bail?

"The Court: $300."

When the case came on for hearing in this court, the court inquired what question of law was involved; and had not the hearing before us developed the fact that we had simply conducted a rehearing of the case as it was tried before the justice of the peace, who gave a full hearing to the defendant. Were we not just hearing the same testimony and asked to render a judgment upon the same testimony adduced before the latter? We now conclude that

we are hearing the case for a second time upon practically the same testimony, and asked to substitute our judgment for that of the justice of the peace when there is no question of law involved.

"It is well settled that an appeal by a defendant from a summary conviction before a magistrate or court not of record should not be allowed save for cause shown: Thompson *v.* Preston, 5 Pa. Superior Ct. 154; that to ascertain the cause alleged, reference must be had to the petition presented to the court below: Com. *v.* Menjou, 174 Pa. 25; and that the matter of allowing or refusing an appeal rests in the sound discretion of the Court of Quarter Sessions or a judge thereof: Com. *v.* Levine, 36 Pa. Superior Ct. 188; Com. *v.* Hendley, 7 Pa. Superior Ct. 356. 'Ordinarily, an appeal should not be permitted if the party desiring it has had an opportunity to fully and fairly present his case before the magistrate, unless a doubtful legal question is involved, or there is something to indicate oppression, corruption or disregard of law on the part of the magistrate, or after-discovered evidence which would justify a new trial under the well-known rules relating to new trials for that cause. Neither article v, section 14, of the Constitution, nor the Act of 1876, which was passed to carry it into effect, contemplates that an appeal shall be allowed merely because the party desiring it is dissatisfied with the result of the trial:" Thompson *v.* Preston, *supra.* But in Com. *v.* Levine, *supra,* President Judge Rice, speaking for this court, pointed out that section 14 of article v of the Constitution enlarges the right of appeal in cases of summary conviction by providing, within certain restrictions, a mode whereby not merely the fairness and impartiality of the hearing before the magistrate could be inquired into, and his errors of law, as shown by his record, could be corrected, but whereby the judgment of the Court of Quarter Sessions upon the facts established by the evidence adduced in that tribunal could be had; and that, while to grant the appeal is discretionary, to accord the parties such hearing, under the circumstances stated, is not discretionary but demandable of right, unless the appeal has been vacated or dismissed upon cause shown. Notwithstanding the fact that the time to consider and determine whether there is such probable cause for the appeal as would justify a retrial of the case in court is before the appeal is allowed, the right of the Quarter Sessions to vacate or strike off the appeal upon cause shown was recognized in that case. While there would seem to be no valid reason why the Court of Quarter Sessions should not reconsider its decision—review its discretion—allowing such an appeal, and no valid reason why a judge of that court who granted such an appeal should not reconsider his own decision and vacate the order allowing the appeal:'" Com. *v.* MacDonald, 94 Pa. Superior Ct. 486.

When the case came on for hearing in the Quarter Sessions, the Commonwealth's attorney should have made a motion to strike off the appeal, and we shall consider the same as done which should have been done and which has been subsequently done by a motion in writing filed of record in this cause, and then and there for us to dismiss this appeal on the ground that the reasons which were assigned in the petition for the allowance of the appeal were insufficient and inadequate to justify its allowance.

There is no valid reason why this court should not reconsider its own decision—review its discretion—allowing such an appeal, and no valid reason why a judge of this court who granted this appeal (MacDade, J.) should not reconsider his own decision and vacate the order allowing this appeal, particularly in view of the fact that this defendant should not have had this appeal allowed, where he had the opportunity, as he has had here, to fully and fairly present this case before the justice of the peace, and where no doubtful legal

question is involved, or something to indicate oppression, corruption or disregard of law on the part of the justice of the peace, or after-discovered evidence which would justify a new trial under the well-known rules relating to new trials for that cause.

Wherefore, holding the above views, we make the following order: And now, Jan. 8, 1929, the above appeal by special allowance of this court from a summary conviction of the defendant, Bert Hancock, for violation of section 1001-a of the Motor Vehicle Act of 1927, coming on to be heard by testimony and argument of respective counsel, after due consideration, the court *in banc* doth order and decree that the reasons assigned in the petition for the allowance of the petition were insufficient and inadequate to justify its allowance, our decision in allowing the appeal is reconsidered and the appeal be and is hereby stricken off and vacated and the judgment of the justice of the peace affirmed.

From William R. Toal, Media, Pa.