## Commonwealth v. Hayberger

*Karl E. Richards,* district attorney, for Commonwealth.

*Caldwell & Stoner,* for petitioner.

WICKERSHAM, J., October 7, 1931. — This is a petition on the part of the defendant for leave to appeal from the judgment of Alderman Hallman. It appears from the petition that he was arrested by the Harrisburg City police on September 22, 1931, and on September 23, 1931, was charged, before John P. Hallman, alderman of the City of Harrisburg, with disorderly practice, consisting of annoying women, and, after hearing, the alderman imposed a fine of $50 and costs, amounting to $2.85. The petitioner alleges that he is entirely innocent of the charge, and believes that it arose through mistaken identity, as he is able to prove an alibi by a large number of witnesses.

Attached to the petition is a copy of the record of Alderman Hallman, sitting at the request of the Mayor of the City of Harrisburg, from which it appears that the defendant was accused of peeping in windows and annoying people in the vicinity of Twentieth and Whitehall Streets, in violation of section one of an ordinance of the City of Harrisburg which provides, inter alia, "that the Bureau of Police of the city be and the same is hereby authorized and empowered to restrain, prohibit and suppress all disorderly practice and all kinds of public indecencies in and about the highways and other public places within the corporate limits of the city."

Officer Shott testified that the defendant did "annoy Mrs. John Garverick by looking in her windows and watching her as she worked about her home, from nearby bushes." Mrs. Garverick testified that the defendant had been watching her constantly from a clump of bushes in Reservoir Park while she worked about the house and while in her bedroom on the second floor, front room, for some time past.

The defendant was afforded an opportunity to be heard and denied that he was in the bushes, and said that he was merely sitting on a bench near the pumphouse in the park and paying no particular attention to any person.

After hearing the testimony, the alderman, acting as mayor, found the defendant to be guilty as charged in the information and imposed a fine upon him of $50 and the costs.

It will be observed that the defendant had a just and fair opportunity to be heard and to testify in the case. He did not allege an alibi at the hearing, but merely denied that he was in the bushes and he admitted that he was sitting on

a bench near the pump-house in the park and paying no particular attention to any person. His defense is now that he can prove an alibi, which he did not attempt to prove at the hearing.

For the reasons expressed by us in Com. *v.* Walter, 33 Dauph. Co. Reps. 113, we think the prayer of this petitioner must be denied. In the Walter case we held that "if there is nothing in the record to show and no allegation in the petition, that the conviction of the defendant was contrary to law, or that there was any oppression, corruption or disregard of law on the part of the justice or that there was any after-discovered evidence, a petition for an appeal, in a case of summary conviction, will be refused." Our conclusion in that case was supported by the decision of the Superior Court in Com. *v.* MacDonald, 94 Pa. Superior Ct. 486, 488; also Thompson *v.* Preston, 5 Pa. Superior Ct. 154, and Com. *v.* Spotts, 45 Pa. Superior Ct. 100, and, also, by the opinions of the courts of quarter sessions in several cases which we do not think it necessary to repeat in this decision.

For the reasons above stated, the petition for leave to appeal from the judgment of Alderman Hallman must be refused, and it is so ordered.

From Homer L. Kreider, Harrisburg, Pa.