## Commonwealth v. Nescoda

L. E. Enterline, district attorney, for Commonwealth.

Leon N. Mandell, for defendant.

HICKS, P. J., February 26, 1934.—The charge laid against the defendant was the violation of The Vehicle Code of May 1, 1929, P. L. 905, sec. 903, as amended by the Act of June 22, 1931, P. L. 751, sec. 2, condemning the operation of commercial motor vehicles upon highways with gross weights exceeding those specified in the act. For the violation of the provisions of this section, summary proceedings may be brought before a magistrate and upon conviction the defendant may be sentenced to pay a fine and costs, and imprisoned on default of the payment thereof. Under section 1204 (a) of the said act it is provided that any person convicted in any summary proceeding under the act shall have the right of appeal as in other cases of summary conviction.

The exact matter before us for decision is a motion to set aside the defendant's summary conviction and dismiss the whole proceeding, which motion was filed almost 5 months after special allowance was given to the defendant to appeal and which bears no relation whatsoever to the appeal or the reasons alleged for special allowance thereof. We are asked in the motion before us to set aside the conviction before the magistrate and dismiss the whole proceeding because the return of the transcript shows that a warrant was issued forthwith, in violation of section 2 of the Act of 1931, supra, and further, because the defendant did not have a reasonable time in which to answer the charges

against him. The appeal having been made to this court, the case was to have been heard de novo on its merits, but seemingly, by the motion to set aside, the defendant does not wish a decision upon the merits, which is the purpose of an appeal, but desires to use the petition for an appeal as the basis for the present application. This practice is highly improper and is not warranted in law or reason. Certainly it cannot be contended, if the case was not before us on appeal, that the court of quarter sessions could upon the motion before us set aside the conviction in the magistrate's court and dismiss the whole proceeding before him. And, in like manner, we cannot do this when the case is before us on appeal. Upon the appeal, we can only enter a judgment of guilty or not guilty, conviction or acquittal.

In his petition for the allowance of an appeal, the defendant alleged that the judgment of guilty before the magistrate was contrary to the evidence and that he was unjustly convicted. The transcript attached to the petition shows, however, that he entered a plea of guilty and paid the fine and costs after hearing. Whether the allowance of the appeal was improvidently granted we do not decide.

The allowance of the appeal is not of right, but rests in the sound discretion of the court; and an appeal will be allowed only for good and sufficient cause, e. g., some legal question involved, oppression, corruption, or other misconduct, or after-discovered evidence. The appeal must be upon cause shown, not merely to review conclusions of fact; and the cause shown must be violative of some legal principle, some misconduct or oppression, which will appeal to the court as a reason for granting a further and fairer hearing. The law does not contemplate that an appeal shall be allowed merely because the party desiring it is dissatisfied with the result of the trial before the magistrate. See cases collated in note 29 to 19 PS § 1189.

"It is well settled that an appeal by a defendant from a summary conviction before a magistrate or court not of record should not be allowed save for cause shown: Thompson v. Preston, 5 Pa. Superior Ct. 154; that to ascertain the cause alleged, reference must be had to the petition presented to the court below: Com. v. Menjou, 174 Pa. 25; and that the matter of allowing or refusing an appeal rests in the sound discretion of the court of quarter sessions, or a judge thereof: Com. v. Levine, 36 Pa. Superior Ct. 188; Com. v. Hendley, 7 Pa. Superior Ct. 356. 'Ordinarily an appeal should not be permitted, if the party desiring it has had an opportunity to fully and fairly present his case before the magistrate, unless a doubtful legal question is involved, or there is something to indicate oppression, corruption or disregard of law on the part of the magistrate, or after discovered evidence which would justify a new trial under the well known rules relating to new trials for that cause. Neither Article v, Section 14, of the Constitution, nor the Act of 1876, which was passed to carry it into effect, contemplates that an appeal shall be allowed merely because the party desiring it is dissatisfied with the result of the trial': Thompson v. Preston, supra. But in Com. v. Levine, supra, President Judge Rice, speaking for this court, pointed out that Section 14 of Article v of the Constitution enlarges the right of appeal in cases of summary conviction by providing, within certain restrictions, a mode whereby not merely the fairness and impartiality of the hearing before the magistrate could be inquired into, and his errors of law, as shown by his record, could be corrected, but whereby the judgment of the court of quarter sessions upon the facts established by the evidence adduced in that tribunal could be had; and that while to grant the appeal is discretionary, to accord the parties such hearing, under the circumstances stated, is not discretionary but demandable of right, unless the appeal has been vacated or dismissed

upon cause shown": Commonwealth v. MacDonald, 94 Pa. Superior Ct. 486, 488, 489.

Ordinarily, in cases of summary conviction, the payment of the costs and fine by the defendant ends the proceeding, and an appeal will not lie, the only remedy being by certiorari: Commonwealth v. Scott, 28 Pitts. (O. S.) 446; Commonwealth v. Gipner, 118 Pa. 379. See City of McKeesport v. Dunn, 83 Pa. Superior Ct. 194, 196.

Under section 1204(c), it is specifically provided, on the hearing of an appeal from a summary conviction by any person convicted, if the court find him not guilty, that restitution of the fine and costs shall be decreed. Thus by statute, in this case, if one is convicted, the payment of costs and fine does not end the proceeding. The right of appeal, under section 1204(a), has been given to any person convicted in any summary proceeding. We have grave doubt whether the defendant, since he entered a plea of guilty, had the right of appeal even though in some cases conviction is held to include, in its more technical meaning, verdict and sentence thereon: Wilmoth v. Hensel, 151 Pa. 200; Commonwealth v. McDermott (No. 2), 224 Pa. 363; Commonwealth v. Minnich, 250 Pa. 363; Commonwealth v. Miller et al., 6 Pa. Superior Ct. 35.

On appeal from a summary conviction, the record of the justice of the peace must show that a warrant was issued or that the defendant was arrested on view; that the defendant appeared before the justice; that the prosecutor and witnesses for the Commonwealth were sworn or that testimony was offered, and the nature and character of the evidence; the names of the witnesses who were called and testified; that the defendant was adjudged guilty; and of what crime or offense he was found guilty. A true transcript of such record must be attached to the petition of the defendant for an allocatur.

The appeal in this case was filed on August 30, 1933, to no. 10, September term, 1933, misc. docket no. 2, p. 350. And upon this appeal the case should have been heard de novo. But, following a practice in this county and wholly erroneous, where a conviction was had or a plea of guilty entered in a summary conviction under The Vehicle Code, the justice made return, "Justice's Return", as in the ordinary case of felony or misdemeanor, which was entered to no. 1176, September sess., 1933, and it was this return which was used by the defendant in support of his motion. There was no authority in law for such a return by the justice of the peace. The case is before us on appeal, after allocatur, and not upon this return, and we are without jurisdiction to pass upon matters contained therein. It is only in cases under section 1204(b), where one is charged with violating any of the summary provisions of The Vehicle Code, other than felonies and misdemeanors, and waives summary hearing and gives bond for appearance for trial in court, that the magistrate is authorized and directed to return the information to court. Only in two instances can a case of summary conviction reach the court of quarter sessions under The Vehicle Code: (1) Upon appeal following conviction under section 1204(a); and (2) upon waiver of a hearing before the magistrate. In no other way does the court of quarter sessions obtain jurisdiction of the subject matter: Commonwealth v. Hooper, 55 Pa. Superior Ct. 518, 520, 522.

It is the defendant's contention that the "justice's return", which is in this court without warrant of law, shows that the defendant was arrested on view, in violation of sections 1202 and 1203 of the Act of May 1, 1929, P. L. 905, as amended, and therefore the summary conviction should be set aside and the whole proceedings before the magistrate dismissed. This is wholly irregular because, in the first place, the justice's return is not before us, unsupported as it is by warrant of law for its filing in this court.

There is another reason. The contention of the defendant raises the question of the irregularity of his arrest. But he waived this, if such it was, by his plea of guilty to the charge. The justice had jurisdiction of the subject matter and, without objection, he entered his plea of confession and voluntarily paid the fine and costs. Having entered his confession of guilt, he now asks that the proceedings be set aside because he was arrested on view. Again, this case being lawfully before us on appeal, we cannot consider the regularity of the proceedings before the magistrate who had jurisdiction of the subject matter, being especially given by statute.

"The practice relating to (1) appeals from summary convictions, and (2) their review on certiorari is well settled. If it is desired to attack only the regularity of the proceedings before the justice or alderman, this is done by a writ of certiorari to the Court of *Common Pleas,* and the assignment of the alleged errors relied on; in which event the judgment of the inferior magistrate is sustained or set aside, depending on whether the proceedings objected to are found to be legal and regular or not, and whether they sustain the conviction or not. But if an appeal is asked for, this is directed to the Court of *Quarter Sessions* and, if allowed, the case is heard de novo before a judge of that court. In such case, the Court of Quarter Sessions does not sustain or reverse the judgment of the inferior magistrate—it does not review such judgment or the matters alleged as ground for appeal—it finds the defendant either guilty or not guilty—it either convicts or acquits him. . . . The judgment on writs of *certiorari* from a summary conviction before an alderman or justice of the peace is to (1) sustain or (2) set aside the judgment; on *appeals* from such conviction the judgment is (1) guilty or (2) not guilty; (1) conviction or (2) acquittal": Commonwealth v. Benson et al., 94 Pa. Superior Ct. 10, 13, 14.

On an appeal from the judgment of a magistrate in summary conviction, the court cannot go outside the petition and consider the regularity of the record as though brought up on certiorari. The proceedings on appeal are de novo, and irregularities of the record are not brought before the court.

In the case of Commonwealth v. Hunter, 107 Pa. Superior Ct. 513, on an appeal from a summary conviction, it appeared that the defendant had been arrested by a peace officer for violating section 1012($a$) of the Act of May 1, 1929, P. L. 905 (The Vehicle Code), and that he was adjudged guilty by a magistrate after a hearing at which he was informed as to the nature and cause of the accusation against him. The transcript of the magistrate, however failed affirmatively to show that the peace officer had filed an information as required by section 1203($a$) of The Vehicle Code. The court below refused defendant's motion to dismiss the proceeding, and adjudged the defendant guilty. At pages 515 and 516, President Judge Trexler declared: "If after the magistrate decided the case, a certiorari had been issued the regularity of the proceedings would have been before the court. Every part of the record including the complaint would have been sent up, Sadler Criminal Law Procedure, p. 569, Constitution of Pennsylvania, Article 5, Sec. 10, and the judgment might have been set aside, but 'the defendant having proceeded by appeal must be presumed to have waived all mere tchnical errors in the proceedings of the justice, which did not go to the jurisdiction of that officer': Steward v. Renner, 87 Pa. Superior Ct. 411; Swain v. Brady, 19 Pa. Superior Ct. 459; Gibson v. Haworth, 47 Pa. Superior Ct. 618; Com. v. Hooper, 55 Pa. Superior Ct. 518, 520. . . . The transcript shows affirmatively that no constitutional right of the defendant was infringed 'that he was informed as to the nature and cause of the accusation against him,' Com. v. Burkhardt, 23 Pa. 521, and pleaded 'not guilty,' with a direct reference to the particular section of the act,

which he was accused of violating. The cases cited by appellant in support of his contention are such as arose where a certiorari was issued to the magistrate, Com. v. Gelbert, 170 Pa. 426, 32 Atl. 1091; Com. v. Phelps, 170 Pa. 430, 32 Atl. 1092; and have no application to the present case. The real question before us is whether, upon an appeal taken, the mere absence of any reference in the transcript to the filing of the information required by the section above referred to, is such an irregularity as requires us to reverse the lower court. As already stated, we are of the opinion that the matter should have been raised by certiorari to the common pleas. We can only decide questions that are fairly brought before us: Com. v. Yocum, 29 Pa. Superior Ct. 428; Com. v. Layton, 45 Pa. Superior Ct. 582".

The defendant cannot raise the question of the regularity of his arrest upon appeal in this case after a plea of guilty.

We have discussed the practice in cases of appeals from summary convictions in the hope that the practice in this court will now be corrected.

And now, February 26, 1934, the motion to set aside the summary conviction and dismiss the proceedings is overruled.

From M. M. Burke, Shenandoah, Pa.