## Commonwealth v. Joseph

*R. Lee Ziegler*, District Attorney, for Commonwealth.

*Houck & Barron*, for defendant.

LEHMAN, P. J., June 3, 1961.—This is a motion on behalf of defendant to quash an information charg-

ing him with reckless driving. The information alleges "that at Boro of Lewistown, in the County of Mifflin, on the 1st day of January A. D. 1960 Paul F. Joseph defendant, above named, did then and there unlawfully operate a Mercury Sedan, bearing 1959 Maryland Reg. No. KL9938 upon the public highway in the aforesaid borough, in that the Deft., did operate said motor vehicle carelessly disregarding the right and safety of others, or in a manner so as to endanger other person or property, violation of sub. sec. 1, section 1001, Act 32, Pa. Laws as further amended, This information being made upon information being received From Greta Harshbarger, Milroy, Pa., and which the affiant verily believes to be true and correct to the best of his knowledge and belief and can prove the same. (The deft., by such driving was involved in an accident.) The magistrate being in and for Boro of Lewistown, Pa. in said county being nearest available magistrate to the place of the violation Contrary to the form of the Act of the General Assembly, in such case made and provided. Complainant therefore prays and desires that a warrant may issue and the aforesaid defendant Paul F. Joseph shall be arrested and held to answer this charge of violation of the motor code and further deponent saith not."

Counsel for defendant assign the following reasons in support of their motion to quash the information:

1. That defendant is not charged under any Act of Assembly of the Commonwealth of Pennsylvania.

2. That there is no act now in force in the Commonwealth of Pennsylvania known as "The Motor Code."

3. That the information fails to charge defendant with the violation of any specific Act of Assembly in that the year of the passage of act no. 32 is omitted.

4. That there is no specific allegation where the alleged offense occurred within the Borough of Lewis-

town so as to permit defendant to ascertain whether or not the justice of the peace before whom the information was laid upon was the nearest available magistrate, there being four justices of the peace then in commission within said borough.

5. That the said information was not returned to the court within 15 days, contrary to The Vehicle Code of April 29, 1959, P. L. 58, sec. 1205(*b*), 75 PS §1205(*b*). The said transcript was filed in court on June 6, 1960.

6. That the information does not charge defendant with doing any specific act in violation of any provision of The Vehicle Code, cited above.

We shall consider the first three reasons together.

An indictment or information need not refer to the particular Act of Assembly on which it is based. See Commonwealth v. Grant, 121 Pa. Superior Ct. 399, 183 Atl. 663; Commonwealth ex rel. Robinson v. Baldi, 175 Pa. Superior Ct. 550, 106 A. 2d 689; Commonwealth v. Gorodetsky, 178 Pa. Superior Ct. 467, 115 A. 2d 760; Criminal Procedure in Pennsylvania, Sadler, 2d ed., §240. In the instant case, the information made correct reference to the section and subsection of The Vehicle Code but failed to give the date of its enactment. This was not necessary, because the information charged defendant with having operated a vehicle in language as used by that section of The Vehicle Code and as being in violation of said section. Furthermore, the use of the words "The Motor Code" is surplusage, and we have previously observed that it is not necessary to refer to the statute alleged to have been violated. We are satisfied that there is no merit in the first three reasons assigned by counsel.

The fourth reason relates to the alleged insufficiency of the information in that there is no specific

allegation of the place within the Borough of Lewistown where the alleged offense of reckless driving took place so as to permit defendant to ascertain whether the justice of the peace, before whom the information was laid, was the nearest available magistrate, there being four justices of the peace in Lewistown.

Section 1201(a) of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1201, requires that informations for summary offenses under The Vehicle Code "shall be brought before the nearest available magistrate with the city, borough, incorporated town, or township in the county where the alleged violation occurred," except for matters specifically exempted and not applicable to the instant case.

Defendant does not contend that the justice of the peace before whom the information was lodged was not the nearest available magistrate. On the contrary, he avers that the information fails to specify the location of the alleged offense so as to permit him to ascertain whether the justice of the peace was the nearest available one.

The information alleges the motor vehicle offense as having occurred in the Borough of Lewistown and that the justice of the peace before whom the information was lodged was the "nearest available magistrate to the place of the violation."

Is this sufficient, or must an information specify the exact location in a municipality where the alleged motor vehicle offense took place? We believe that the information in this respect is sufficient. The allegations that the motor vehicle offense took place in a certain municipality and that the justice of the peace before whom the information was filed was the nearest available magistrate to the place of the violation are sufficient to give a justice of the peace in the munici-

pality jurisdiction over the subject matter. If these allegations are proven at the time of hearing, the justice of the peace has jurisdiction. If the evidence discloses that the justice of the peace was not the nearest available justice, defendant is entitled to a discharge and a dismissal of the proceedings.

As was pointed out in Commonwealth v. Shetrom, 2 Centre 73, there is a difference between the question of jurisdiction over the subject matter and the question as to whether or not the information sufficiently apprises defendant of the charge so as to enable him to prepare his defense. Defendant's fourth reason relates to the question of jurisdiction over the subject matter.

We are supported in our decision on this matter by at least two other cases. In Commonwealth v. Shetrom, supra, Judge Campbell held an information sufficient which charged a motor vehicle violation as having taken place on a public highway known as Route 350 in Rush Township, Centre County, and that the justice of the peace before whom the information was filed was the nearest available magistrate to the place of violation, and that it was not necessary for the information to go further and pinpoint the exact place in the township where the alleged violation took place.

In Commonwealth v. Jeffries, 55 Lanc. 203, Judge Wissler refused to quash an information which charged a motor vehicle speeding violation even though the information erroneously stated that the alleged offense occurred on Route 72 in Manheim Township, when, in fact, it occurred on Route 501 in the same township. The information further stated it was filed before the justice of the peace who was the nearest available magistrate to the place of the violation. Thus, the Jeffries case is clear authority for our decision in the instant case that, if the information charges a motor

vehicle offense as having occurred in a certain municipality and that the justice of the peace before whom the information was lodged was the nearest available magistrate to the place of the violation, this is sufficient without specifying the route number, street or intersection where the alleged offense took place. To hold that an information must contain a detailed statement of location of the alleged offense, in addition to the necessary jurisdictional averments, would cause unnecessary hardship especially in rural areas: Commonwealth v. Shetrom, supra.

The instant case can be distinguished from those cases where the informations were quashed because each failed to specify the municipality wherein the alleged offense took place: Commonwealth v. Kenswell, no. 41, January term, 1961, C. P., Mifflin County ("Route 322", without specifying municipality, even though information gave the location of the justice of the peace as being the nearest available magistrate to the place of violation); Commonwealth v. Gummo, 29 October sessions, 1960, C. P., Mifflin County ("Route No. 22 of this Commonwealth"); Commonwealth v. Scheetz, 61 D. & C. 185, where information nowhere states the municipality where the alleged offense was committed; Commonwealth v. Phelps, 170 Pa. 430, 32 A. 1092, where information charging a violation of the Sunday Law of April 22, 1794, 3 Sm. L. 177, sec. 4, failed to show offense was committed in Lackawanna County, even though it set forth the location of defendant's place of business as being at the corner of certain streets in Scranton.

"An . . . information must aver the municipality or political subdivision wherein the offense was committed, or it will be held defective": 18 P. L. Encyc. 235; Seifried v. Commonwealth, 101 Pa. 200. Failure to aver the municipality or political subdivision wherein the alleged motor vehicle offense was committed

renders the information defective, because such defect relates to jurisdiction of the subject matter rather than jurisdiction of the person: Commonwealth v. Mace, 70 Dauph. 170. Such defect may be raised at any time and may not be waived by posting bail for appearance in court: Commonwealth v. Scheetz, supra. See Commonwealth v. Gill, 166 Pa. Superior Ct. 223, 70 A. 2d 700.

Counsel for defendant relies upon Commonwealth v. Rathman, 9 D. & C. 2d 699, 73 Montg. 86, in support of his contention that an information is fatally defective unless it specifies where the alleged reckless driving took place within the municipality so as to determine whether the justice of the peace before whom the information was lodged was, in fact, the nearest available justice. Rathman was charged with reckless driving "west on High Street," with no mention of the municipality, although the information was made by a police officer of the Borough of Pottstown and sworn to by a justice of the peace of that borough. There was no allegation in the information that the justice was the nearest available magistrate, although the transcript discloses that the justice informed defendant when he appeared before him of the precise place of said alleged violation, and the transcript states the justice "felt that he was the nearest available magistrate": page 701. We are satisfied that the Montgomery County court properly quashed the information. We believe the information was fatally defective because nowhere did the information allege the necessary jurisdictional averments that the justice before whom the complaint was lodged was "the nearest available magistrate," and that the offense took place in a certain specified city, borough, incorporated town or township. However, we cannot agree with the court's assertion that, in addition to the information setting forth the name of the muni-

cipality in which the offense was alleged to have been committed, it should also allege sufficient information as to the location of the alleged violation in such municipality to enable defendant to ascertain whether or not the justice issuing the warrant was the nearest available magistrate to the location of such violation.

It is our opinion that an information need not identify the place of the alleged violation as being near to, or in the immediate neighborhood of, some intersection or the like, provided it charges the offense as having occurred in a particular municipal subdivision and that the justice before whom the information has been lodged is the nearest available magistrate or justice to the alleged offense.

Where, however, an information charges violation of the motor vehicle code and is brought before a justice of the peace of a different municipality than that in which the offense is alleged to have occurred, said information must set forth the fact that no person held the office of justice of the peace in the municipality in which the offense is alleged to have occurred: Commonwealth v. Williams, 56 D. & C. 549; Commonwealth v. McClimans, 11 D. & C. 2d 477; Commonwealth v. Quick, 89 D. & C. 471.

For the above reasons, we find no merit in defendant's fourth reason in support of his motion to quash.

The fifth reason advanced by defendant is that the information was not returned to court within 15 days, contrary to section 1205(b) of The Vehicle Code of April 29, 1959. This section provides as follows:

"Any person charged with violating any of the summary provisions of this act may waive summary hearing, and give bond in a sum equal to double the amount of the fine and costs that might be imposed, for appearance for trial before a judge of the court of quarter sessions, or in the county court, or in the

municipal court in counties wherein such court exists, and thereupon the magistrate shall, within fifteen (15) days, return the information to the said court."

Defendant waived his hearing before the justice on January 18, 1960. The latter delivered his transcript of the case to the district attorney's office on January 21, 1960, where it remained until it was filed by the district attorney in the office of the clerk of quarter sessions on June 6, 1960. In the absence of a positive averment by defendant that such delay in filing in court was prejudicial to defendant, we see no valid cause to quash the proceedings. The provision that the transcript be filed in court within 15 days after hearing, or waiver of hearing, is merely directory and not mandatory: Commonwealth v. Lawell, 6 D. & C. 290, 40 Montg. 282; Commonwealth v. Recupero, 44 D. & C. 136. Accordingly, under the circumstances, we dismiss defendant's fifth reason.

Defendant's sixth reason advanced in support of his motion to quash is that the information does not charge him with doing any specific act in violation of any provision of The Vehicle Code.

It will be observed that the information charges defendant with reckless driving in the Borough of Lewistown on January 1, 1960, in substantially the same language as that employed by section 1001(1) of The Vehicle Code of April 29, 1959, which makes reckless driving a summary offense. This subsection provides as follows:

"Reckless driving is unlawful, and for the purpose of this act, is construed to include the following: (1) Any person who drives any vehicle or street-car or trackless trolley omnibus upon a highway carelessly disregarding the rights or safety of others, or in a manner so as to endanger any person or property."

Our appellate courts have held that, if the information sufficiently informs defendant of the acts charged

against him to enable him to prepare his defense, it is sufficient: Commonwealth v. Miller and Burke, 77 Pa. Superior Ct. 469; Commonwealth v. Spallone (No. 1), 154 Pa. Superior Ct. 282, 35 A. 2d 727; Commonwealth v. Beloff, 166 Pa. Superior 286, 70 A. 2d 689; Commonwealth v. DeBaldo, 169 Pa. Superior Ct. 363, 82 A. 2d 578; Commonwealth ex rel. Garland v. Ashe, 344 Pa. 407, 26 A. 2d 190. The rule was clearly stated in Commonwealth v. Ginsberg, 143 Pa. Superior Ct. 317, 324, 18 A. 2d 121, as follows:

"It is not necessary that an information should charge the crime with the same detail and technical accuracy required in an indictment; if the essential elements of the offense be set forth in terms of common parlance, and if the defendant is given fair notice of the nature of the unlawful act which he is alleged to have committed, the information is sufficient: Com. v. Carson, 166 Pa. 179, 30 A. 985; Com. v. Robertson, 47 Pa. Superior Ct. 472; Com. v. Grego, 11 Pa. Superior Ct. 295, 176 A. 550."

The Criminal Procedure Act of March 31, 1860, P. L. 427, sec. 11, 19 PS §261, provides:

"Every indictment shall be deemed and adjudged sufficient and good in law which charges the crime substantially in the language of the act of assembly prohibiting the crime, . . ."

From what was said in the Ginsberg case, it must be conceded that no stricter rule is to be applied to an information.

An information is sufficient which charges that defendant, on a certain date and at a certain place, operated a motor vehicle upon a highway "carelessly disregarding the rights or safety of others, or in a manner so as to endanger any person or property" or in substantially these words. It need not specify the particulars in which it is alleged that the driving

was reckless: Commonwealth v. Kmit, 81 D. & C. 135; Commonwealth v. Stroeter, 63 D. & C. 262; Commonwealth v. Bell, 44 Montg. 24; Commonwealth v. Greene, 40 D. & C. 546; Commonwealth v. Casey, 70 Montg. 403; Commonwealth v. Stiver, 32 D. & C. 319; Commonwealth v. Kline, 35 D. & C. 19; Commonwealth v. Puff, 42 D. & C. 603; Commonwealth v. Michails, 43 D. & C. 221; Commonwealth v. Kuzma, 37 Erie 325, and Commonwealth v. Koons, 71 Dauph. 142.

Judge Rowley, in Commonwealth v. Michails, supra, clearly indicated that if it were necessary to detail the acts or omissions of the accused, it might, in some instances, produce an unwieldy information. Furthermore, it would amount to a requirement that the evidence be specified in the complaint, and this is contrary to our decisions.

The above cases are properly distinguishable from those that hold an information defective that merely charges violation of a certain numbered section, without using the words of that section: Commonwealth v. Harned, 25 D. & C. 578; Commonwealth v. Fye, 40 D. & C. 508. Certainly, defendant is not given a fair notice of the charge against him by a mere reference to section number of The Vehicle Code.

However, the following cases hold that charging a defendant with reckless driving by merely reciting the words of that section is not sufficient; Commonwealth v. Douglas, 31 D. & C. 234; Commonwealth v. Zurinski, 45 Luz. 115; Commonwealth v. Snyder, 29 Northamp. 310; Commonwealth v. Davis, 17 Wash. 63.

Thus, it will be observed that the greater weight of authority supports the sufficiency of an information where defendant is charged with reckless driving on a certain date and at a certain place substantially in the words of the subsection of The Vehicle Code of April 29, 1959, relating thereto. We believe that defendant is sufficiently informed of the alleged reck-

less driving to enable him to prepare a defense where the words of the subsection relating thereto are precisely or substantially used.

While we do not believe that further particulars were necessary, it is observed that the information in the instant case, after charging defendant with reckless driving in substantially the words of section 1001 (1), further stated that defendant "by such driving was involved in an accident."

We, accordingly, enter the following:

### Decree

Now, June 3, 1961, defendant's motion to quash the information is refused. Defendant is ordered to appear for hearing at such time as shall be designated by the District Attorney of Mifflin County. Exception is noted to Houck & Barron, Esqs., counsel for defendant.