## Commonwealth v. Fontana

*Kenneth E. Fox, Jr.*, for Commonwealth.

*Marvin A. Luxenberg*, for borough.

*James M. Keller*, for appellant.

LYON, J., December 20, 1968.—The court in this opinion is raising, sua sponte, the question of whether the court of common pleas has jurisdiction to hear the subject of this appeal.

In response to a petition filed by defendant, Mary R. Fontana, a rule was issued upon the district attorney of Lawrence County to show cause why the appeal should not be allowed. An answer to the rule was duly filed and the appeal allowed by an order of court dated November 22, 1968. The order also directed justice of the peace, Daniel DeTullio, to deliver and transmit to the court of common pleas all records and papers relative to the instant case which was initiated in his office.

These records, which are now before the court, show that the action was commenced by a complaint in the name of the Commonwealth of Pennsylvania, County of Lawrence, and against defendant, Mary F. Fontana of 500 Todd Avenue, Ellwood City, Pa. The cause of action is bottomed upon an alleged violation of Ellwood City Borough ordinance no. 1315. Neither the details of the ordinance nor the nature of the alleged violations are relevant to this opinion and they are for this reason not further specified or discussed.

Under the Act no. 181 of October 9, 1967, P. L. ———, 53 PS §48301, a prosecution for failure to comply with any provision of any borough ordinance shall be according to the practice in cases of summary conviction before any justice of the peace. The procedure for enforcement of municipal ordinances before this statutory enactment was so befogged and confused that the editors of Standard Pennsylvania Practice were caused to conclude: "It is difficult, if not impossible, to reconcile all the statements and holdings of the courts as to the nature of such actions and proceedings": 12 Standard Pa. Prac. 415, §8. The confusion apparently resulted in the statutory enactment providing that the summary conviction procedure be followed in all cases instituted for enforcement of a borough ordinance. The statute makes clear also that the summary conviction procedure must be utilized in taking an appeal from a final summary judgment: Act of February 1, 1966, P. L. 1656, sec. 3301, et seq., 53 PS §48301, et seq.

Article V, sec. 14 of the Pennsylvania Constitution concerns appeals of final summary judgments. It provides: "In all cases of summary conviction in this Commonwealth, or of judgment in suit for a penalty before a magistrate, or court not of record, either party may appeal to such court . . . or judge thereof upon cause shown". In compliance with and making effective the foregoing constitutional standard, the Act of April 17, 1876, P. L. 29, sec. 1, as amended, 19 PS §1189, determines: (a) that the appeal in summary convictions is to the court of quarter sessions; (b) that an appeal in a suit for penalty, which prior to the statutory enactment was generally thought to be the correct procedure for enforcement of ordinances, is to the court of common pleas; Borough of Steelton v. Rashinsky, 33 Dauph. 227 (1930) ; and (c) the appeal shall be taken within 10 days after conviction.

When judged in the light of the foregoing citations of authority it is clear that defendant's attempted appeal to the court of common pleas is defective in several respects: (1) the court of common pleas has no jurisdiction over an appeal of a summary conviction; (2) the rule to show cause why the appeal should not be allowed was erroneously issued upon the District Attorney of Lawrence County; (3) the Borough of Ellwood City was given no opportunity to be heard concerning why the appeal of the defendant from the summary conviction should not be allowed; and (4) the action should not have been brought in the name of the County of Lawrence since it is not an interested party in the subject matter and there is no statutory authority for using its name in this type of proceedings.

This case clearly illustrates the wisdom of the article in the newly adopted State Constitution which provides for a unified court system which eliminates the problem of deciding which of various local county courts has jurisdiction of a particular cause of action, or of a particular appeal, such as in the instant case. However, the validity of the present attempted appeal to the court of common pleas must be tested by the standard promulgated by the State Constitution which was effective at the time the appeal was attempted. When judged by this standard it is plain that the court of common pleas has no jurisdiction to determine a summary proceeding on appeal.

It is the court of quarter sessions that has jurisdiction to determine a summary proceeding on appeal. A proper appeal of a summary proceeding brings the case before the court of quarter sessions for retrial. Everything is to be gone into de novo and the matter is handled and disposed of just as if the prosecution had been begun in that court: Commonwealth v. Phelpse, 170 Pa. 430, 32 Atl. 1092 (1895) ; Commonwealth v. Gelbert, 170 Pa. 426, 32 Atl. 1091 (1895).

But where the proceedings in the lower court not of record are void ab initio, as in the instant case, no useful purpose could be served by certifying the case to the court of quarter sessions for a hearing de novo on appeal. The proceedings in the present case were prosecuted in the name of the Commonwealth of Pennsylvania. This was contrary to the mandate of Pleasant Hills Borough v. Carroll, 182 Pa. Superior Ct. 102, 125 A. 2d 466 (1956), which held that suits for violation of borough ordinances should be brought in the name of the borough. See also Commonwealth v. Collum, 32 Lehigh 14 (1966). The recently enacted borough code did not change this requirement of the law: The Borough Code of February 1, 1966, P. L. (1965) 1656, 53 PS §48301, et seq. The intent of the legislature that suits to enforce municipal ordinances shall be initiated in the name of the municipality is specifically spelled out in the Second Class Township Code, Act of June 19, 1961, P. L. 486, as amended, 53 PS §65741; in the First Class Township Code, Act of June 24, 1931, P. L. 1206, et seq., 53 PS §56502, 53 PS §58301, et seq., and also in the Third Class City Code, Act of June 23, 1931, P. L. 932, et seq., 53 PS §36017.

It is plain from the foregoing citations of authority that the Borough of Ellwood City has no legal authority to prosecute a suit in the name of the Commonwealth of Pennsylvania, County of Lawrence, for a violation of one of its ordinances. The proceedings against defendant, Mary Fontana, initiated in the name of the Commonwealth of Pennsylvania, County of Lawrence, for the violation of a borough ordinance are therefore a complete nullity.

ORDER OF COURT

And now, December 20, 1968, it is ordered, adjudged and decreed that the appeal be and hereby is dismissed for the reasons set out in the foregoing opinion.